Reginald MORSE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9406–CR–313.

Court of Appeals of Indiana, Second District.

Jan. 30, 1995.

Steven R. Jacobs, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

**OPINION**

KIRSCH, Judge.

Reginald Morse was convicted of Criminal

recklessness,[1] as a Class D felony, following a bench trial. Morse appeals, contending that his voluntary intoxication and blackout raised a reasonable doubt that he had the requisite culpability to commit the crime.

We affirm.

### FACTS [2]

The facts most favorable to the judgment of conviction establish that Morse and Gregory Crenshaw were at Crenshaw's friend Bisco's house on September 3, 1993. After drinking together for two or three hours, Morse and Crenshaw left and drove in Crenshaw's car to the house of another friend. Crenshaw went into that house for several minutes and when he returned to his car, Morse was gone. Morse returned a few minutes later with an injured jaw and asked Crenshaw to take him home. On the drive back, Morse complained that he had not been protected by Crenshaw from people who had assaulted him. Rather than argue, Crenshaw stopped his car and let Morse out; Crenshaw then returned to Bisco's house. As Crenshaw left Bisco's house, Morse, now armed with a rifle, threatened to kill Crenshaw and fired approximately a dozen shots at him, striking him once in the foot. Morse then ran away. The police soon thereafter arrested Morse, who denied any memory of the incident.

### DISCUSSION AND DECISION

At trial, Morse contended that he had blacked out and did not remember speaking or drinking with Crenshaw or shooting at him. Morse ascribes his blacking out to either his intoxication or his injury, which resulted in a broken jaw. Morse now argues that, due either to his voluntary intoxication or his blacking out, he lacked the requisite culpability to commit the crime of criminal recklessness and therefore was wrongly convicted.

1. IC 35-42-2-2 (1988 Ed.).

2. We direct Appellant's counsel's attention to Ind.Appellate Rule 8.3(A)(4) which requires that a verbatim statement of the judgment be includ-

The State responds: Morse's intoxication was voluntary; voluntary intoxication is a defense only to specific intent crimes; and criminal recklessness is not a specific intent crime, citing *Johnson v. State* (1982), Ind., 435 N.E.2d 242. *Appellee's Brief* at 4. In *Johnson*, our supreme court held that criminal recklessness is not a specific intent crime and that IC 35-41-3-5(b), which limits the defense of voluntary intoxication to specific intent crimes, therefore, could not serve as a defense to criminal recklessness. *Id.* at 247. Since then, however, our supreme court has held that the legislative restriction upon the defense of intoxication found in IC 35-41-3-5(b) is void:

"Any factor which serves as a denial of the existence of *mens rea* must be considered by a trier of fact before a guilty finding is entered. Historically, facts such as age, mental condition, mistake or intoxication have been offered to negate the capacity to formulate intent. The attempt by the legislature to remove the factor of voluntary intoxication, except in limited situations, goes against this firmly ingrained principle. We thus hold Ind.Code § 35-41-3-5(b) is void and without effect."

*Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1088; *see also Pavey v. State* (1986), Ind., 498 N.E.2d 1195, 1196. Consequently, intoxication, whether voluntary or involuntary, is a defense to any crime to the extent that it negates a defendant's *mens rea*, notwithstanding the State's argument to the contrary. *See Terry*, 465 N.E.2d at 1088.

The crime of Criminal recklessness, provides in part that "A person who recklessly, knowingly, or intentionally performs ... [a]n act that creates a substantial risk of bodily injury to another person ... commits criminal recklessness.... [T]he offense is a ... Class D felony if it is committed while armed with a deadly weapon." IC 35-42-2-2. The culpability, or *mens rea*, element of criminal recklessness is the reckless, know-

ed in the statement of the case contained in the brief of appellant, and to App.R. 8.3(A)(5) which requires appropriate references to the record in the statement of the facts.

ing, or intentional nature of the act.[3] *See id.;* IC 35–41–2–2 (1988 Ed.). Morse's culpability for shooting Crenshaw may be inferred from his voluntary commission of the act and the surrounding circumstances. *See Carty v. State* (1981), Ind.App., 421 N.E.2d 1151, 1155. To the extent that Morse suffered from a mental incapacity which precluded him from acting recklessly, knowingly, or intentionally in shooting Crenshaw, then it would serve as a defense to the charged crime. *See Butrum v. State* (1984), Ind., 469 N.E.2d 1174, 1176.

■ Whether Morse was so intoxicated or otherwise impaired as to lack the culpability needed for his actions to constitute criminal recklessness is a question for the trier of fact and one upon which Morse bore the burden of proof. *See Melendez v. State* (1987), Ind., 511 N.E.2d 454, 457–58. To determine whether Morse sufficiently established his lack of culpability to preclude his conviction for criminal recklessness, we must review the evidence introduced at trial. As Morse's challenge is to the sufficiency of the evidence proving that, in spite of his intoxication or blacking out, he acted recklessly, knowingly, or intentionally when he shot Crenshaw, we review his claim as we do all other sufficiency of evidence claims. That is, we will neither reweigh the evidence, nor judge the credibility of witnesses. *Lahr v. State* (1994), Ind. App., 640 N.E.2d 756, 760, *trans. denied.* Where the evidence is in conflict, we will consider only that evidence which supports the conviction, and we must affirm that conviction if it is supported by substantial evidence of probative value. *Id.*

Here, evidence of the extent of Morse's culpability conflicted. Morse claimed no memory of the shooting and implied that his lack of memory was due to a mental incapacity which rendered him incapable of acting recklessly, knowingly, or intentionally. Yet, Crenshaw testified that Morse was able to: enter and exit Crenshaw's car several times, engage in lucid conversation with Crenshaw over a period of several hours, arm himself, seek and find Crenshaw at Bisco's house,

accurately fire a rifle at Crenshaw, and run and hide when the police appeared. As Justice Givan explained in *Terry:*

> "It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills. As a general proposition, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill."

*Terry,* 465 N.E.2d at 1088; *see also Melendez,* 511 N.E.2d at 457. The evidence of Morse's deliberate and controlled actions was sufficient for the trier of fact to conclude that Morse was acting recklessly, knowingly, or intentionally when he shot Crenshaw, and, thus, sufficient to support Morse's conviction.

Affirmed.

FRIEDLANDER and RUCKER, JJ., concur.

---

3. For a general discussion of specific intent, culpability, and *mens rea,* see *Henderson v. State* (1989), Ind., 534 N.E.2d 1105, 1106–8.