**William Fred TAYLOR, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 70A01–9503–CR–86.

Court of Appeals of Indiana.

Dec. 21, 1995.

Rehearing Denied Feb. 29, 1996.

Transfer Denied May 1, 1996.

---

Matthew C. Robinson, Indianapolis, for Appellant.

Pamela Carter, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

ROBERTSON, Judge.

William Fred Taylor appeals his conviction of attempted escape, a class C felony for which he received an eight-year sentence. He presents several issues on appeal:

I. Did the trial court commit fundamental error by allowing the prosecution to introduce at trial Appellant's allegedly incriminating post-custodial statement, elicited by police without advising Appellant of his Fifth and Sixth Amendment rights or obtaining a waiver of such rights, as proof of an essential element of the State's case?

II. Did the State fail to introduce substantial probative evidence of an essential element of the crime of attempted escape: that Appellant had the capacity to form, and actually formed, a specific intent to escape?

III. Did the trial court commit fundamental error in giving the jurors an instruction on the crime of attempted escape that did not require them to find that Appellant had intended to escape from lawful detention?

IV. Did the trial court err in refusing to give the jury Appellant's tendered instruction on lesser-included offenses?

V. Did the numerous prejudicial errors committed by Appellant's court-appointed counsel, including her failure to object to clearly inadmissible evidence, deprive Appellant of the effective assistance of counsel at trial?

VI. Was the trial court's imposition of an eight (8) year sentence on Appellant for his Attempted Escape conviction manifestly unreasonable and insufficiently based on balancing of aggravating and mitigating circumstances?

The evidence most favorable to the verdict reveals that police officers stopped a truck in which Taylor was a passenger and arrested him for public intoxication. An officer handcuffed Taylor's hands behind his back, placed him in the passenger seat of a patrol car, and buckled the seat belt around him. The officer told Taylor to stay in the car and went back to the truck. The officer heard a car door slam shut and saw Taylor run from the car. Taylor ran across the road and fell, face first, into a ditch. The officer helped retrieve Taylor from the ditch and again placed him in the passenger seat of the patrol car. The officer again buckled the seat belt around Taylor and told him to stay in the car. As he walked back to the truck, the officer observed Taylor unbuckle the seat belt. The officer returned to the patrol car and told Taylor to leave the seat belt buckled. The officer buckled the seat belt around Taylor again and closed passenger door.

I

Taylor first claims the trial court improperly admitted his post-custodial statement into evidence. As a police officer transported Taylor to jail, he twice asked Taylor why he had run. The officer testified that, after the second inquiry, Taylor stated that the officer would also have run if he were going to jail. Taylor contends that the statement is fruit of a custodial interrogation, obtained without the advisement of his rights, and that the trial court should have excluded it. Inasmuch as trial counsel did not object to the introduction of the statement, Taylor maintains that the erroneous admission constitutes fundamental error.

 No objection was made to the admission of the testimony, and the error may not be assigned on appeal. *Foster v. State* (1985), Ind., 484 N.E.2d 965, 966 (probation officer elicited admissions, while defendant was in custody, without having advised defendant of warnings or having offered counsel). A defendant has the right to exclude such evidence but also has a right to forego that right. *Id.* Having elected the latter, he cannot now complain of a denial of due process. *Id.* The admission of the statement did not constitute fundamental error, and the issue has been waived for purposes of appeal.

II

A person who intentionally flees from lawful detention commits escape. Ind.Code 35–44–3–5(a). An attempt involves the culpability required for commission of the crime attempted. I.C. 35–41–5–1(a). Taylor claims the evidence is insufficient to prove entertained the specific intent to attempt escape. Specifically, he draws attention to his defense of intoxication and contends he was too intoxicated to have formed the requisite intent.

 Whether the accused was so intoxicated or otherwise impaired as to negate intent is a question for the trier of fact, and one upon which he bears the burden of proof. *See Morse v. State* (1995), Ind.App., 646 N.E.2d 332, 334 (criminal recklessness). As a general proposition, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others, or carry out acts requiring physical skill. *Id.* (quoting *Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1088).

 The evidence shows that the officer handcuffed Taylor and buckled him into the passenger seat of the patrol car. The officer told Taylor to stay in the car. Although his hands were handcuffed behind him, Taylor managed to unbuckle the seat belt, which was an act fairly characterized as an act requiring physical skill. After the officer had again buckled him into the passenger seat, Taylor again managed to unbuckle the seat belt. Further, when asked why he had run, Taylor responded that the officer would have run, too, if he were going to jail. The

evidence is sufficient to support the determination that Taylor entertained the specific intent to flee from lawful detention.

## III

Taylor claims the trial court improperly instructed the jury about the elements of attempted escape. He further claims that the defect in the instructions amounts to fundamental error. Trial counsel did not object to the attempt instruction, and the State contends the issue is waived for purposes of appeal.

■ A person who attempts to commit a crime must act with the culpability required for commission of the crime. I.C. 35–41–5–1(a). Any instruction that purports to set forth the elements of an attempt to commit a specific intent crime must include the element of the specific intent to commit the crime. *Greer v. State* (1994), Ind., 643 N.E.2d 324, 326 (attempted murder). A trial court commits fundamental error when the instructions as a whole fail to inform the jury that the defendant must have intended to commit the crime attempted. *Id.* (defendant must have intended to kill the victim).

The trial court instructed the jury on the charge of attempted escape, as follows:

The crime of Attempt is defined by statute as follows: A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime.

The crime of Escape is defined by statute as follows: A person who intentionally flees from lawful detention commits Escape, a Class "C" Felony.

To convict the defendant, the State must have proved each of the following elements:

1. William Fred Taylor
2. intentionally
3. engaged in conduct of fleeing from lawful detention
4. which was a substantial step toward the commission of the crime of escape, the intentional fleeing from lawful detention.

If the State failed to prove each of these elements, you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of the crime of Attempted Escape, a Class "C" Felony.

■ A person who intentionally flees from lawful detention commits escape. I.C. 35–44–3–5(a). With elements 2 and 3 of the instruction, the trial court informed the jury that Taylor must have "intentionally engaged in conduct of fleeing from lawful detention." The instruction sufficiently informed the jury that Taylor must have acted with the specific intent to commit escape. Therefore, the trial court committed no error, fundamental or otherwise.

## IV

Taylor claims that the offense of resisting law enforcement is a lesser included offense of attempted escape. He contends that the trial court committed reversible error when it refused to instruct the jury on the lesser included offense. Our supreme court recently decided that a trial court applies a three step analysis in the determination about whether an instruction on a lesser included offense should be given. *See Wright v. State* (1995), Ind., 658 N.E.2d 563, 566–67.

■■ First, a trial court must compare the statute which defines the crime charged with the statute which defines the alleged lesser included offense. *Wright,* 658 N.E.2d at 566. If (a) the alleged lesser included offense may be established by proof of the same material elements or less than all the material elements which define the crime charged or (b) the only feature which distinguishes the alleged lesser included offense from the crime charged is that a lesser culpability is required to establish the commission of the lesser offense, then the alleged lesser included offense is inherently included in the crime charged. *Id.* (citing I.C. 35–41–1–16(1) and *Aschliman v. State* (1992), Ind., 589 N.E.2d 1160, 1161; citing I.C. 35–41–1–16(3) and *Holder v. State* (1991), Ind., 571 N.E.2d 1250, 1256). The wording of a charging in-

strument never forecloses or precludes an instruction on an inherently lesser included offense. *Id.*

■ Second, if a trial court determines that an alleged lesser included offense is not inherently included in the crime charged under step one, then it must compare the statute which defines the alleged lesser included offense with the charging instrument in the case. *Wright,* 658 N.E.2d at 567. If the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense, then the alleged lesser included offense is factually included in the crime charged. *Id.* at 566–67.

■ If the alleged lesser included offense is neither inherently nor factually included in the crime charged, then the trial court should not give a requested instruction on the alleged lesser included offense. *Wright,* 658 N.E.2d at 567. If, however, a trial court has determined that an alleged lesser included offense is either inherently or factually included in the crime charged, it proceeds to the third step. *Id.*

■ In the third step of the analysis, the trial court must look at the evidence presented in the case by both parties. If there is a serious evidentiary dispute about the element or elements which distinguish the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater, then it is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense. *Id.* If the evidence does not so support the giving of a requested instruction on an inherently or factually included offense, then a trial court should not give the requested instruction. *Id.*

■ An examination of the statutory elements shows that resisting law enforcement is not an inherently included offense of attempted escape under step one of the analysis. A person who intentionally flees from lawful detention commits escape. I.C. 35–44–3–5(a). According to statute:

"Lawful detention" means arrest, custody following surrender in lieu of arrest, detention in a penal facility, detention in a facility for custody of persons alleged or found to be delinquent children, detention under a law authorizing civil commitment in lieu of criminal proceedings or authorizing such detention while criminal proceedings are held in abeyance, detention for extradition or deportation, or custody for purposes incident to any of the above including transportation, medical diagnosis or treatment, court appearances, work, or recreation, or any other detention for law enforcement purposes; but it does not include supervision of a person on probation or parole or constraint incidental to release with or without bond.

I.C. 35–41–1–18. Further, a person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. I.C. 35–41–5–1(a). In contrast, according to 35–44–3–3:

(a) A person who knowingly or intentionally:

(3) flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop;

commits resisting law enforcement . . .

"Law enforcement officer" means:

(1) a police officer, sheriff, constable, marshal, or prosecuting attorney;

(2) a deputy of any of those persons; or

(3) an investigator for a prosecuting attorney.

I.C. 35–41–1–17. Also, for purposes of resisting law enforcement, a law enforcement officer includes an alcoholic beverage enforcement officer and a conservation officer of the department of natural resources. I.C. 35–44–3–3(c).

To commit the offense of resisting law enforcement, a person need not have been under detention, lawful or otherwise. One need only flee after having been ordered to stop. Attempted escape, however, requires a substantial step toward flight after having been lawfully detained. Further, for resisting law enforcement, the actions must consti-

tute flight from a "law enforcement officer," specifically those persons listed in I.C. 35–41–1–17 and I.C. 35–44–3–3(c). For attempted escape, the substantial step toward flight must be from lawful detention, in any of the forms listed in I.C. 35–41–1–18, regardless of whether the detention involves a person defined as a "law enforcement officer."

Resisting law enforcement is not established by proof of the same material elements or less than all the material elements which define the crime of attempted escape. Further, resisting law enforcement has a feature, other than that a lesser culpability is required to establish it, which distinguishes it from attempted escape. Therefore, resisting law enforcement is not an inherently included offense of the crime of attempted escape.

■■■ Under step two of the analysis, a comparison of the statute which defines resisting law enforcement with the instrument which charges the crime shows that resisting law enforcement is not a factually included offense of the crime of attempted escape in this case. The pertinent language of the criminal information is as follows:

> *William Fred Taylor* did engage in conduct that constitutes a substantial step towards the commission of a crime, to wit: Escape, in that *William Fred Taylor* did intentionally attempt to flee from lawful detention . . .

The information does not state that Taylor took flight from a law enforcement officer as identified in I.C. 35–41–1–17 or I.C. 35–44–3–3(c) but that he attempted to flee from lawful detention. The information charges that Taylor attempted to flee from detention, not from a person. Thus, the charging instrument does not allege that the means used to commit the attempted escape "include all of the elements of the alleged lesser included offense" of resisting law enforcement. *Wright*, 658 N.E.2d at 567. Under these circumstances, resisting law enforcement is therefore not a factually included offense of attempted escape.

■■■ Inasmuch as the alleged lesser included offense is neither inherently nor factually included in the crime charged, the trial court correctly refused to give the requested instruction. *Wright*, 658 N.E.2d at 567. We therefore need not proceed to step three to "look at the evidence presented in the case by both parties" or to determine whether "there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense" or to decide whether "in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater." *Id.*

### V

■■■ To succeed on a claim of ineffective assistance of counsel, one first must show that counsel's performance fell below an objective standard of reasonableness and then must show that, but for counsel's deficient performance, the result of the proceedings would have been different. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370, 1372. Taylor claims his trial counsel rendered ineffective assistance in several respects.

■■■ Taylor first complains that counsel did not object to statements elicited during custodial interrogation without the advisement of rights. When questioned about why he had run, Taylor had told the officer that the officer would have run, too, if he were going to jail. As noted, however, the evidence shows that Taylor was handcuffed when the officer buckled him into the passenger seat of the patrol car. The officer told Taylor to stay in the car. Although his hands were handcuffed behind him, Taylor managed to unbuckle the seat belt, which was an act fairly characterized as an act requiring physical skill. After the officer had again buckled him into the passenger seat, Taylor again managed to unbuckle the seat belt. In light of the ample evidence of his intent to flee from lawful detention, Taylor has not shown that the result of his trial would have been any different had trial counsel successfully kept his statement from the jury.

■■■ Taylor next claims counsel should have questioned police officers on the factual inconsistency between their testimony (1) that his hands were handcuffed behind him and he was buckled into the passenger seat but (2) that he was somehow able to unfasten the seat belt and open the car door. Despite

any alleged inconsistency, Taylor has not shown the result of his trial would have been different had counsel questioned the officers further on these matters.

██ Taylor next claims counsel should have questioned a witness more thoroughly. The officer who drove Taylor to jail testified that Taylor had told him why he had run from the car, but the officer had not included any such statement in his written report of the incident. Taylor claims counsel should have brought to the jury's attention the discrepancy between the officer's written report and his trial testimony because the inconsistency would have made his testimony less credible. Again, however, Taylor has not demonstrated that the result of his trial would have been different had counsel brought the discrepancy to the attention of the jury.

██ Taylor claims counsel should have objected to repeated testimony of police officers that Taylor appeared to understand the events which occurred around his arrest. The testimony was proper, as the officers merely described how Taylor appeared to them. *See Norton v. State* (1980), 273 Ind. 635, 408 N.E.2d 514. Taylor has not shown that counsel's performance in this area fell below an objective standard of reasonableness.

Taylor next identifies alleged ineffectiveness with regard to his request for a lesser included offense instruction. We determined above that the trial court properly refused the instruction. Therefore, Taylor has not shown the result of his trial would have been different had counsel followed his preferred course of action.

Taylor finally claims counsel should have objected to the instruction on attempted escape because the instruction did not include the element of specific intent. Above, we determined that the instruction includes the element of specific intent to commit escape. Taylor therefore has not shown that counsel's performance in the matter fell below an objective standard of reasonableness.

On each of his claims, Taylor has either failed to show that counsel's performance fell below an objective standard of reasonable-

ness or that, but for counsel's deficient performance, the result of the proceedings would have been different. Taylor therefore has not established the ineffectiveness of trial counsel.

## VI

██ Taylor claims his sentence is improper and manifestly unreasonable. This Court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Hurt v. State* (1995), 657 N.E.2d 112, 114. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. *Id.* at 114.

██ Only when such inappropriateness exists will we revise a sentence in order to make it reasonable. *Barany v. State* (1995), 658 N.E.2d 60, 67. Sentencing is normally left to the sound discretion of the trial court. *Id.*

██ We proceed to review sentences under the rule with the knowledge that reasonable minds may differ on what sentence is appropriate in any given case. *Hurt*, 657 N.E.2d at 114. Given the degree of subjectivity that cannot be eliminated in the sentencing process, it would be inappropriate for us merely to substitute our opinions for those of the trial judge. *Id.*

██ Further, the trial judge is responsible for determining the appropriate weight of aggravating and mitigating factors in sentencing. *Hurt*, 657 N.E.2d at 115. The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Id.* Failure to find a mitigating circumstance clearly supported by the record, however, gives rise to a belief that the court was not cognizant of it and therefore failed to consider it. *Barany*, 658 N.E.2d at 67.

██ The trial court considered the presentence report and then entered the following findings:

1. Mitigation exists in the defendant's military record although the Pre–Sentence Report shows five (5) counts of AWOL.

2. There will be hardship to the family members.

3. Alcoholism has impaired the defendant's judgment.

4. The crime presented little harm to others although it caused the police officers to have to cross a state highway in the dark to recapture the defendant.

5. The defendant has attempted treatment for his alcoholism but states he is unable to help himself.

6. The Court has considered the statutory mitigating factors and all evidence and statements presented and finds no other factors of mitigation in this case.

7. The Court finds as an aggravating factor that the defendant has an extensive criminal history which involves convictions for both misdemeanors and felonies. The defendant was convicted for Driving While Suspended October 30, 1974, Dealing in a Controlled Substance November 13, 1975, Burglary October 10, 1977, Possession of Marijuana October 23, 1977, Public Intoxication January 9, 1981, Public Intoxication March 4, 1981, two counts of Burglary September 2, 1981, Escape September 2, 1986, Aggravated Assault September 20, 1990, Operating Vehicle While Intoxicated July 13, 1992 and Resisting Law Enforcement and three Vehicular Charges on November 21, 1994. The defendant was also convicted of Possession of Marijuana.

8. Numerous attempts at rehabilitation have been ordered including at least two (2) fines, five (5) incarcerations, three (3) orders of probation, one (1) order of community service and suspension of driver's license. None of these efforts have been successful.

9. The defendant has previously been convicted of Escape.

10. The defendant was on bond and on probation when the offenses in this case occurred.

11. Nothing has been presented to show the Court that this pattern of criminal behavior will change. The Court concludes that there is a great likelihood that the defendant will commit further criminal offenses in the future.

12. The defendant states that he has been sober during his four (4) months of incarceration but prior to that he drank each day and while drinking did not care if he broke the law.

13. The Court finds that the aggravating circumstances substantially outweigh the mitigating circumstances.

The trial court then sentenced Taylor to a term of eight years for the attempted escape.

Taylor has identified no mitigating circumstance of record which the trial court did not consider in its sentencing order. His claim that the trial court's consideration of aggravating and mitigating factors was inadequate is merely a invitation for this Court to substitutes its opinions for those of the trial court. Given the degree of subjectivity in the sentencing process, we cannot conclude that the trial court abused its discretion in the sentence it imposed.

Further, the sentencing order sufficiently identifies the nature of the offense and the character of the offender. A reasonable person could find the sentence imposed to be appropriate under the circumstances of this case. The sentence therefore is not manifestly unreasonable and is not in need of revision.

Judgment affirmed.

BAKER and HOFFMAN, JJ., concur.