Simon N. LADD, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 53A01–9803–CR–124.

Court of Appeals of Indiana.

March 26, 1999.

John L. Tompkins, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Baumgartner, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

*STATEMENT OF THE CASE*

Appellant–Defendant Simon N. Ladd (Ladd) appeals his conviction and sentence of

dealing in marijuana, a Class D felony. Ind. Code § 35–48–4–10. Ladd also appeals his sentence for his conviction of maintaining a common nuisance, a Class D felony. Ind. Code § 35–48–4–13.

We affirm.

## ISSUES

Ladd presents four issues for our review which we consolidate and restate as:

1. Whether there was sufficient evidence to sustain his conviction.

2. Whether the trial court erred in ordering restitution.

3. Whether his sentence is manifestly unreasonable.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment follow. On December 19, 1995, after an unsuccessful attempt to establish a controlled drug buy, police obtained a search warrant and searched Ladd's residence. During the search police found more than thirty grams of marijuana, boxes of plastic baggies, scales, boxes of rolling papers, seeds and stems from marijuana plants, pipes, bongs, and a "pay and owe sheet." (R. 491). Ladd was charged with dealing in marijuana and maintaining a common nuisance, and a jury convicted Ladd of both charges. The trial court sentenced him to one and one-half years on each count to be served concurrently with six months suspended, the payment of a fine of $5,000.00, the payment of court costs, and the suspension of his driver's license for 180 days. This appeal ensued.

## DISCUSSION AND DECISION

### I. Sufficiency of the Evidence

Ladd contends that the State failed to present sufficient evidence to sustain his conviction. Specifically, Ladd claims that there was insufficient evidence to show that (1) he possessed marijuana, (2) he intended to deliver the marijuana, and (3) the amount of marijuana.

Our standard of review with regard to sufficiency claims is well settled. We neither weigh the evidence, nor judge the credibility of the witnesses, and we consider only the evidence favorable to the verdict and all reasonable inferences which can be drawn therefrom. If there is substantial evidence of probative value from which a trier of fact could find guilt beyond a reasonable doubt, we will affirm the conviction. *Newman v. State*, 677 N.E.2d 590, 593 (Ind.Ct.App.1997).

In order to obtain a conviction for dealing in marijuana in an amount over thirty grams, the State was required to prove beyond a reasonable doubt that Ladd (1) possessed marijuana, (2) in an amount over thirty grams, (3) with the intent to deliver the marijuana. Ind.Code § 35–48–4–10(a)(2)(C) and (b)(1)(B).

### A. Possession

Here, the parties are in agreement that there was no actual possession of the marijuana. Thus, the determination to be made is whether there was constructive possession of the marijuana. Constructive possession may support a conviction for a drug offense when actual possession is absent. *Moore v. State*, 613 N.E.2d 849, 851 (Ind.Ct. App.1993). Constructive possession is established by showing the defendant has (1) the intent to maintain dominion and control over the contraband and (2) the capability to maintain dominion and control over the contraband. *Godar v. State*, 643 N.E.2d 12, 14 (Ind.Ct.App.1994).

In addition, when possession of the premises is non-exclusive, as in the present case, the defendant's intent to maintain dominion and control over the contraband may be inferred if there are additional circumstances tending to buttress such an inference. *Lampkins v. State*, 685 N.E.2d 698, 699 (Ind.1997). These additional circumstances have been found to include (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the drugs; (5) drugs in plain view; and (6) location of the drugs in close proximity to items owned by the defendant. *Person v. State*, 661 N.E.2d 587, 590 (Ind.Ct.App.1996). In each of the instances enumerated above there exists the probability that the presence and character of the contraband was noticed by the defendant.

■ In the present case, Ladd was living in a house with at least two other people. Although there was no direct evidence presented as to which bedroom in the house belonged to Ladd, the police officer testified at trial that the two people home at the time of the search indicated the portion of the house in which they resided. The officers then searched only the portion of the house in which these people did not reside. The officer further stated that one bedroom contained such personal items as Ladd's pay stub, Ladd's bank receipts and a photo of Ladd and his girlfriend. In the same bedroom, the police found two sets of scales, a baggy containing marijuana, a cookie tin containing a baggy of marijuana, a trash bag of marijuana in the closet, boxes of plastic baggies, and a paper bag containing marijuana. Most of these items were in plain view upon entry into the room. We find that this evidence fulfills two of the categories of additional circumstances listed above. Drugs were found in plain view, and they were found in close proximity to items owned by the defendant. Based upon these circumstances, the trial court could have inferred Ladd's intent to maintain dominion and control over the marijuana seized as a result of the search of his residence. Further, because Ladd resided in the house and apparently in the specific bedroom in which these items were found, we conclude that he also had the capability to maintain dominion and control over the marijuana.

### B. Intent

■ In order to determine whether the requisite intent exists, the trier of fact generally must resort to the reasonable inferences arising from the surrounding circumstances. *McGuire v. State*, 613 N.E.2d 861, 864 (Ind. Ct.App.1993). In addition, circumstantial evidence of a defendant's intent to deliver, such as possession of a large quantity of drugs, large amounts of currency, scales, plastic bags, and other paraphernalia, as well as evidence of other drug transactions, can support a conviction. *Id.*

■ As we stated above, the police recovered numerous bags of marijuana from Ladd's residence, as well as two sets of scales, numerous boxes of plastic baggies, pipes, bongs, rolling papers, a "pay and owe sheet," and stems and seeds of marijuana plants. In addition, the officer testified that a confidential informant had, on a previous occasion, entered the residence and purchased marijuana from "Simon." Moreover, both police officers testified at trial that the amount of drugs in addition to the existence of the drug paraphernalia found in Ladd's residence was consistent with dealing marijuana. Thus, the evidence recovered as a result of the search of Ladd's residence and the testimony provided by the officers create a reasonable inference for the jury to find that Ladd intended to package and sell the marijuana.

### C. Amount

■ First, we note that at trial Ladd stipulated to the fact that State's exhibits 3, 4, 5 and 6 contained in excess of thirty grams of marijuana. Ladd argues that he can only be said to have had constructive possession of the drugs that were in plain view when the officers entered the bedroom. However, the factors used to establish constructive possession not only include items in plain view, but also items in close proximity to items owned by the defendant. State's exhibits 3 and 4 were found in plain view of the officers and exhibits 5 and 6 were found in a cookie tin and in the closet of the bedroom that contained personal items of Ladd. Thus, as we determined above, Ladd constructively possessed all of the marijuana contained in State's exhibits 3, 4, 5 and 6, and this amount was stipulated to be in excess of thirty grams.

### II. *Restitution*

As his second allegation of error, Ladd claims the trial court erred in ordering him to pay restitution. Particularly, he argues that (1) the trial court erred by failing to inquire into his ability to pay and (2) the restitution order was unsupported by the evidence.

### A. Ability to Pay

■ Both Ladd and the State incorrectly state that Ladd was ordered to pay restitution pursuant to Ind.Code § 35–38–2–

2.3 which provides that, as a condition of probation, the court may require a person to make restitution to the victim of the crime. We have held that when restitution is ordered as a condition of probation or a suspended sentence, the trial court must inquire into the defendant's ability to pay in order to prevent indigent defendants from being imprisoned because of their inability to pay. *Shaffer v. State,* 674 N.E.2d 1, 9 (Ind.Ct.App. 1996). However, when restitution is ordered as part of an executed sentence, an inquiry into the defendant's ability to pay is not required. *Id.* In such a situation, restitution is merely a money judgment, and a defendant cannot be imprisoned for non-payment. *Id;* Ind.Code § 35–50–5–3(a) and (b).

Here, the trial court ordered Ladd to pay $4,270.00 in restitution and reduced this amount to judgment to be made payable to the South Central Narcotics Strike Force. The trial court did not make restitution a condition of Ladd's probation, and, therefore, it was not required to inquire into his ability to pay. The trial court did not err.

### B. Restitution Order

■ Ladd further contends that the trial court's order of restitution is unsupported by the evidence. Specifically, he asserts that the affidavit of the deputy prosecuting attorney is not sufficient to prove the amount of damages suffered by the State as a result of these crimes. The reviewing court will not disturb a trial court's restitution order absent an abuse of discretion. *Antcliff v. State,* 688 N.E.2d 166, 170 (Ind.Ct.App.1997).

■ Ind.Code § 35–50–5–3(a)(1) provides that the court may order restitution based upon the actual cost of property damage incurred by the victim as a result of the crime. In the present case, the court ordered a money judgment entered against Ladd in the amount of $4,270.00 payable to the South Central Narcotics Strike Force. At the sentencing hearing, the State presented the affidavit of the deputy prosecuting attorney as evidence of the costs of law enforcement and litigation. The affidavit states that these costs exceeded $4,270.00. Defense counsel specifically stated at the hearing that he did not object to the admission of the affidavit, and the court then issued its sentencing order based upon this amount. We note that not only was the admission of the affidavit unchallenged, but also that the rules of evidence are relaxed for the purposes of sentencing. *See Kotsopoulos v. State,* 654 N.E.2d 44, 46–47 (Ind.Ct.App.1995) (holding that because the strict rules of evidence do not apply at sentencing hearings, hearsay evidence is admissible). Thus, we conclude the trial court's restitution order to be supported by the evidence.

### III. *Sentencing*

Finally, Ladd alleges that his sentence is manifestly unreasonable.

■ Sentencing is a determination within the sound discretion of the trial court. *Shaffer,* 674 N.E.2d at 8. We will not revise a sentence that is authorized by statute unless the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B); *Taylor v. State,* 659 N.E.2d 1054, 1062 (Ind.Ct.App.1995). A sentence is manifestly unreasonable if no reasonable person could consider the sentence appropriate. *Collins v. State,* 676 N.E.2d 741, 744 (Ind.Ct. App.1996). We proceed to review cases under this rule with the knowledge that reasonable minds may differ on the appropriateness of a sentence. *Taylor,* 659 N.E.2d at 1062. Moreover, due to the degree of subjectivity involved in the sentencing process, it is not appropriate for a reviewing court to substitute its opinion for that of the trial court. *Id.*

A jury found Ladd guilty of dealing in marijuana and maintaining a common nuisance, both Class D felonies. Ind.Code 35–50–2–7 provides that the presumptive sentence for a Class D felony is one and one-half years to which not more than one and one-half years may be added for aggravating circumstances. Ladd received a sentence of one and one-half years on each count, to be served concurrently, with six months suspended. Ladd was also fined $5,000.00, ordered to pay court costs, ordered to have his driver's license suspended for 180 days, and ordered to serve one year of probation. Ladd's sentence is within the realm of a statutorily authorized sentence for a Class D

felony. Therefore, we now turn to whether Ladd's sentence is manifestly unreasonable in light of the nature of the offenses and the nature of Ladd's character.

 In sentencing Ladd, the trial court stated that it did not believe Ladd was a danger to society but that the crimes he had committed created a negative impact on society. The court also noted Ladd's course of conduct of dealing drugs over a long period of time, as well as his long-term substance dependence with no favorable response to treatment. Moreover, the trial court was unable to say that Ladd's actions were unlikely to recur. Based upon these beliefs, the trial court stated that a total suspension of Ladd's sentence would depreciate the seriousness of the crime and that Ladd was likely to respond positively to short-term imprisonment. Thus, based upon these factors as determined by the trial court regarding the nature of the offense and the offender, we cannot say that this sentence is manifestly unreasonable.

Affirmed.

STATON, J., and BROOK, J., concur.