Charles **BAKER**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9010–CR–613.

Court of Appeals of Indiana,
Second District.

June 20, 1991.

S. Sargent Visher, Choate Visher & Haith, Indianapolis, for appellant-defendant.

Linley E. Pearson, State Atty. Gen. and Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen. Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Charles Baker appeals his conviction of dealing in cocaine, a class B felony.

We affirm.

## ISSUES

1. Whether the cocaine admitted into evidence at trial was seized as a result of illegal police conduct.

2. Whether the evidence is sufficient to support Baker's conviction of dealing in cocaine.

## FACTS

On August 7, 1989 a police officer observed Baker through binoculars. He watched Baker approach five to seven cars in a 20–30 minute period and exchange items taken from an orange plastic bag for money. The officer then approached the scene and exited his marked patrol car. As he did so Baker dropped the orange bag; a clear bag containing white powder fell from the orange bag. Suspecting the powder to be cocaine, the officer retrieved the clear bag and attempted to arrest Baker but Baker shoved the officer and fled. The officer yelled for Baker to stop and gave chase. Baker was eventually apprehended; a beeper and $141 in currency were removed from his person. The police also retrieved the orange bag from where Baker had dropped it. Cocaine weighing a total of 1.2052 grams was found inside the two bags. Baker was convicted of dealing in cocaine.[1] He appeals.

## DISCUSSION AND DECISION

### I.

Baker argues the trial court erred in admitting the cocaine into evidence. Baker's argument has no merit under our traditional analysis (whether abandonment was the product of illegal police activity) or under the recent analysis of the United States Supreme Court (whether seizure has occurred before abandonment) in *California v. Hodari D.* (1991), — U.S. —, 111 S.Ct. 1547, 113 L.Ed.2d 690.

Under our traditional analysis, the trial court did not err in determining there was no illegal police conduct involved in Baker's abandonment of the cocaine. Abandoned property is admissible if the abandonment was not precipitated by illegal police conduct. *Gipson v. State* (1984), Ind., 459 N.E.2d 366. An investigatory stop requires facts that would warrant a person of reasonable caution to believe the suspect has been or is about to be engaged in criminal activity. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Hamlet v. State* (1986), Ind., 490 N.E.2d 715. In a period of 20–30 minutes the officer observed Baker approach several vehicles and exchange items from a bag in his possession with people in the cars for money. The officer had patrolled the area for a year at the time of the incident and had made several previous narcotics arrests for the same or similar type of activity. The officer testified, "from [Baker's] actions and with my training and experience I believed he was deal-

---

**1.** The jury returned guilty verdicts for dealing in cocaine, a class B felony, possession of cocaine, a class D felony, obstructing or interfering with a law enforcement officer, a class D felony, and resisting law enforcement, a class A misdemeanor. However, the trial court sentenced Baker on only the dealing and resisting law enforcement verdicts and Baker appeals only the dealing judgment.

ing narcotics." Record at 87. Based upon the officer's observances and experience he had sufficient reasonable suspicion to stop Baker in order to conduct a further investigation. The officer's conduct was appropriate. Therefore, Baker's abandonment of the orange plastic bag was not the product of illegal police activity and the cocaine from the bags was properly admitted into evidence.

In *California v. Hodari D.* (1991), — U.S. ——, 111 S.Ct. 1547, 113 L.Ed.2d 690, the United States Supreme Court employed a different analysis for determining whether abandoned evidence is the fruit of a seizure in violation of the fourth amendment. Hodari dropped crack cocaine as he fled a police officer. Because the State conceded the stopping officer did not have reasonable suspicion required to justify stopping Hodari, the Court stated the only issue before it was whether, at the time Hodari dropped the cocaine, Hodari had been "seized" within the meaning of the fourth amendment. The Court reaffirmed that for an arrest "the quintessential 'seizure of the person' under our Fourth Amendment jurisprudence—the mere grasping or application of physical force with lawful authority, whether or not it succeed[s] in subduing the arrestee" is sufficient. 111 S.Ct. at 1550. "An arrest requires *either* physical force ... *or*, where that is absent, *submission* to the assertion of authority." 111 S.Ct. at 1551. However, the Court recognized that if the arrestee escapes, the fact the arrest is effected does not mean "that for Fourth Amendment purposes there is a *continuing* arrest during the period of fugitivity." 111 S.Ct. at 1550. Thus the Court held a seizure does not occur if the subject does not yield to a show of authority or an application of physical force.

In *Hodari* the defendant fled when a police officer approached; the officer pursued; Hodari dropped the cocaine when the officer was almost upon him; the officer tackled Hodari and handcuffed him. The Court held a fourth amendment violation did not occur because, "assuming the [officer's] pursuit ... constituted 'a show of authority' enjoining Hodari to halt, since Hodari did not comply ... he was not seized until he was tackled. The cocaine abandoned while he was running was ... not the fruit of a seizure." 111 S.Ct. at 1552.

■ Similarly, in this case, Baker had not been "seized" at the time he dropped the plastic bags; therefore, the bags containing cocaine were not the product of a seizure and were properly admitted into evidence over Baker's fourth amendment objection.

## II.

■ Baker's argument the evidence is insufficient to show he possessed the cocaine with the intent to deliver is without merit. The evidence of the six or seven exchanges for money of items taken from a bag, later determined to contain cocaine, supports a reasonable fact-finder's determination Baker possessed the cocaine with the intent to deliver it. *Slaughter v. State* (1988), Ind., 531 N.E.2d 185.[2]

Judgment affirmed.

RATLIFF, C.J., and BUCHANAN, J., concur.

---

**2.** Baker's reliance upon *O'Grady v. State* (1985), Ind.App., 481 N.E.2d 115 is unavailing. Unlike the present case, the police officer in *O'Grady* did not personally observe the sales transac-

tions. The State's only evidence of O'Grady's intent was the amount of heroin he possessed.

