**John E. McGUIRE, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 27A02–9205–CR–207.**

Court of Appeals of Indiana,
Second District.

May 24, 1993.

Rehearing Denied July 21, 1993.

Robert E. Love, Love & James, Fort Wayne, for appellant-defendant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

FRIEDLANDER, Judge.

## CASE SUMMARY

Defendant-appellant John McGuire (McGuire) appeals from his conviction for possession of cocaine greater than three grams with the intent to deliver, claiming the trial court erred when it allowed the admission of evidence of uncharged acts of dealing cocaine and that the evidence was insufficient to establish his intent to deliver.

We affirm.

## FACTS

The facts most favorable to the jury's verdict reveal that McGuire sold cocaine to a co-worker, Richard Dowd (Dowd), at the automotive plant where they worked in Marion, Indiana. Dowd purchased cocaine from McGuire between nine and twelve times from December, 1990 until the time of McGuire's arrest in March, 1991. At the time of McGuire's arrest, 3.4 grams of cocaine were found on his person, as well as a number of tablets of diazepam, a schedule IV controlled substance (commonly known as valium), a loaded handgun, and approximately $494 in cash.

McGuire's tool box at work contained pieces of notes with names, initials and other notations on them, such as "Bob ½," *record* at 670, and pads of paper that had square corners cut from them. Cocaine was usually sold in Grant County for $25 for a quarter gram, $50 for a half gram, $100 per gram, and $275 to $325 for an eighth of an ounce. A substance used to dilute cocaine was found in McGuire's car, as was a set of scales calibrated to measure grams.

After a jury trial, McGuire was convicted of possession of cocaine over 3 grams with intent to deliver,[1] a class A felony, possession of a schedule IV controlled substance,[2] a class D felony, maintaining a common nuisance,[3] a class D felony, and carrying a handgun without a license,[4] a class A misdemeanor. He received sentences of twenty years, one and one-half years, one year and one year, respectively, on his convictions, the sentences to be served concurrently.

---

1. Ind.Code 35–48–4–1 (1992 Supp.).

2. IC 35–48–4–7 (1992 Supp.).

3. IC 35–48–4–13 (1992 Supp.).

4. Ind.Code 35–47–2–1 (1988); IC 35–47–2–23 (1988).

## ISSUES

McGuire raises two issues for our consideration, which we reorder as:

1. Whether the trial court erred when it admitted into evidence testimony concerning uncharged allegations that McGuire sold cocaine to Dowd?

2. Whether the evidence was sufficient to establish McGuire intended to deliver the cocaine in his possession?

## DECISION

*ISSUE ONE*—Did the trial court err when it allowed Dowd to testify?

*PARTIES' CONTENTIONS*—McGuire argues that the trial court should not have allowed Dowd to testify about previous uncharged drug transactions because his state of mind was not at issue. The State responds that McGuire's intent was the only issue disputed at trial and that Dowd's testimony was highly relevant to that issue.

*CONCLUSION*—The trial court did not err when it allowed Dowd to testify about previous transactions with McGuire.

■ With respect to evidence of uncharged misconduct, the general rule is that such evidence is ordinarily inadmissible because it gives rise to the inference that a defendant is of bad character and tempts the jury to convict the defendant solely on that basis. Our Supreme Court recently adopted Federal Rule of Evidence 404(b), which provides, in pertinent part:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."

*Lannan v. State* (1992), Ind., 600 N.E.2d 1334.

Under the Federal rule, evidence of uncharged misconduct is generally admissible and is only excluded if it was submitted to show the defendant's character or propensity to commit the charged crime (the "forbidden inference"). *Hardin v. State* (1993), Ind., 611 N.E.2d 123, 128–29.[5]

As F.R.E. 404(b) allows evidence of uncharged misconduct to be admitted to prove motive or intent, and as it was not submitted to establish a "forbidden inference," we conclude that the evidence of McGuire's uncharged acts was admissible under F.R.E. 404(b) as adopted by the Supreme Court in *Lannan*.[6]

We reject McGuire's claim that his intent was not at issue during his trial. Given his other appellate contention that the evidence was insufficient to establish his intent, his claim that his intent was not at issue is disingenuous at best. One cannot logically dispute the evidence of intent without acknowledging that the issue of intent is in dispute.

McGuire's reliance on *Haynes v. State* (1991), Ind.App., 578 N.E.2d 369, is misplaced. In *Haynes*, the defendant was charged with dealing cocaine of 3 grams or more. The defendant had denied any involvement in any drug transactions. We concluded that the defendant's intent or state of mind was not at issue, because the dispute concerned whether he participated in the transaction.

Unlike the defendant in *Haynes*, McGuire was charged with possession of cocaine with the *intent* to deliver. McGuire testified that he used cocaine, that he possessed cocaine at the time of his arrest and that he obtained cocaine while he was at work. *Record* at 763, 773, 775. Since McGuire's possession of cocaine was never in dispute, the only issue at trial was whether McGuire intended to deliver the cocaine he possessed. Because McGuire's intent was disputed at trial, we conclude that the evidence of McGuire's prior deal-

---

5. The Supreme Court in *Hardin* adopted F.R.E. 403, which, in accordance with Indiana caselaw, requires the exclusion of admissible evidence if its prejudicial impact outweighs its probative value.

6. Such evidence has been admissible under Indiana caselaw. *See Gibbs v. State* (1989), Ind., 538 N.E.2d 937.

ings with Dowd was properly admitted to demonstrate his intent.[7]

■ Further, balancing the prejudicial impact of such evidence with its probative value as required by F.R.E. 403, we conclude that the evidence of McGuire's dealings with Dowd was not unduly prejudicial. McGuire freely testified that he possessed cocaine, that he used cocaine and that he obtained cocaine at work. *Record* at 763, 773, 775. Given McGuire's acknowledgement of his cocaine use and the highly probative nature of Dowd's testimony as it related to McGuire's intent, we conclude the possibility of unfair prejudice or jury confusion did not outweigh the probative value of the evidence and that it was admissible under F.R.E. 403.

*ISSUE TWO* —Was the evidence sufficient to establish McGuire's intent?

*PARTIES' CONTENTIONS* —McGuire claims that the evidence was insufficient to show he intended to deliver the cocaine found in his possession when he was arrested. The State replies that the evidence was sufficient.

*CONCLUSION* —The evidence was sufficient.

■ Because intent is a mental state, triers of fact generally must resort to the reasonable inferences arising from the surrounding circumstances to determine whether the requisite intent exists. *Montego v. State* (1987), Ind., 517 N.E.2d 74. Circumstantial evidence of intent to deliver, such as possession of a large quantity of drugs, large amounts of currency, scales, plastic bags, and other paraphernalia as well as evidence of other drug transactions, can support a conviction. *Chandler v. State* (1991), Ind., 581 N.E.2d 1233; *Baker v. State* (1991), Ind.App., 573 N.E.2d 475; *Kail v. State* (1988), Ind.App., 528 N.E.2d 799, *trans. denied.*

The evidence adduced at trial demonstrated that at the time of his arrest, McGuire had in his possession 3.4 grams of cocaine, a quantity of diazepam, a loaded firearm and almost $500 in cash. *Record* at 384, 388–394. A substance used to dilute cocaine was found in McGuire's vehicle, as was a set of scales calibrated to measure grams. *Record* at 430–34. A number of notes with initials and numerals, such as ½, were found in McGuire's tool box at work, as were a large number of note pads with corner's cut out of the sheets. *Record* at 404–406. Cocaine was sold in one-half gram quantities. *Record* at 400. Dowd testified that McGuire usually delivered cocaine to him in small folded pieces of paper. *Record* at 513. Dowd stated that he had purchased cocaine from McGuire nine to twelve times. *Record* at 515.

Despite McGuire's alternate explanations for each piece of circumstantial evidence, the evidence was unquestionably sufficient to allow the jury to infer that McGuire intended to deliver the cocaine in his possession. *See Chandler, supra; Montego, supra; Baker, supra; Kail, supra.* We decline McGuire's invitation to reweigh the evidence in his favor.

Judgment affirmed.

SHIELDS and NAJAM, JJ., concur.

---

7. Unlike the situations considered in *Pirnat v. State* (1993), Ind.App., 612 N.E.2d 153 and *Thomas v. State* (1993), Ind.App., 612 N.E.2d 604, the intent at issue in McGuire's trial was not merely the formal element of specific intent which could be inferred from the acts charged, but rather, was a separate, distinct aggravating element of the crime with which McGuire was charged—possession of cocaine *with intent to* *deliver.* Therefore, the concerns raised in *Thomas, Pirnat* and *United States v. Shackleford* (7th Cir.1984), 738 F.2d 776, relating to the intent exception swallowing the rule against the admission of evidence of prior misconduct, are not present here. The evidence of McGuire's intent was properly admitted during the State's case-in-chief.