89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John E. McGUIRE, Petitioner-Appellant,
v.
Christopher MELOY, Respondent-Appellee.
 No. 95-2701.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 25, 1996.*
Decided April 30, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 John E. McGuire, a state prisoner acting pro se, filed a petition for a writ of habeas corpus, claiming that the admission of evidence concerning prior uncharged drug transactions rendered his trial for narcotics trafficking fundamentally unfair. 28 U.S.C. § 2254. The district denied the petition. We affirm.
 
 
 2
 McGuire was arrested at work. Police found 3.4 grams of cocaine, several tablets of valium, a loaded handgun, and almost $500 in cash on his person. His tool box contained pieces of paper with names, initials, and notations which appeared to refer to quantities. His car contained a set of scales and a substance commonly used to dilute cocaine. McGuire was charged under Indiana law with possession of cocaine with intent to distribute it, possession of a Schedule IV controlled substance, carrying an unlicensed handgun, and nuisance. At trial, McGuire maintained that he possessed the drugs for his own use. The government then had a co-worker testify that McGuire frequently sold him cocaine at work. The jury convicted McGuire on all counts. McGuire appealed, arguing that the trial court erred in admitting the co-worker's testimony of uncharged allegations that McGuire sold cocaine. The Indiana Court of Appeals affirmed the conviction, finding no error on the part of the trial court. McGuire v. State of Indiana, 613 N.E.2d 861 (Ind.Ct.App.1993). The Indiana Supreme Court denied transfer.
 
 
 3
 McGuire contends that the trial court's ruling admitting his co-worker's testimony denied him his federally protected right to a fundamentally fair trial. To decide this question, we do not consider the correctness of the trial court's ruling as a matter of Indiana evidence law. The Indiana Court of Appeals determined that there was no error of state law. McGuire, 613 N.E.2d at 863-64. This decision, which is consistent with decisions of the Indiana Supreme Court interpreting the admission of evidence concerning prior bad acts, see, e.g. Lannan v. State of Indiana, 600 N.E.2d 1334, 1338-39 (Ind.1992), is binding on us. Sandoval v. Acevedo, 996 F.2d 145, 148 (7th Cir.1993). As a federal court exercising habeas corpus jurisdiction, the only question we can decide is whether McGuire nonetheless suffered a deprivation of any right protected by the fourteenth amendment.
 
 
 4
 The contemporary rule against admitting evidence of a defendant's other crimes is a concommitant of the presumption of innocence, and has constitutional overtones when it undermines that presumption. See United States v. Daniels, 770 F.2d 1111, 1118 (D.C.Cir.1985); see also Burrus v. Young, 808 F.2d 578, 580-81 (7th Cir.1986). Nonetheless, the practice of admitting evidence of uncharged misconduct to show that an accused acted with the requisite intent was imbedded in the common law long before the adoption of modern rules of evidence. See, e.g., Castle v. Bullard, 64 U.S. 172, 186 (1859); Julius Stone, The Rule of Exclusion of Similar Fact Evidence: America, 51 Harvard L.Rev. 988 (1938); Edward J. Imwinkelried, Uncharged Misconduct Evidence §§ 2.24-2.30 (1984). In the case at bar, the defendant was charged with a specific intent crime, which required the government to present evidence of intent as part of its case in chief. United States v. Boykins, 9 F.3d 1278, 1282 (7th Cir.1993). Moreover, the government was entitled to rebut McGuire's contention that he possessed the drugs for his own use. Under these circumstances, and given the wide range of other evidence which the government was able to muster against McGuire, the fourteenth amendment's guarantee of fundamental fairness in criminal proceedings did not require excluding the co-worker's testimony.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record