## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 22 2015, 10:21 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Smith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 22, 2015<br><br>Court of Appeals Case No.<br>49A05-1409-CR-440<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Steven R. Eichholtz, Judge<br><br>Cause No. 49G20-1307-FA-43290 |

**Najam, Judge.**

## Statement of the Case

[1] Robert Smith appeals his conviction for dealing in cocaine, as a Class A felony, following a jury trial. He presents a single issue for our review, namely,

whether the State presented sufficient evidence to support his conviction. We affirm.

## Facts and Procedural History

On July 2, 2013, Smith was driving a pickup truck in Indianapolis when Indianapolis Metropolitan Police Officer Christopher Shaw initiated a traffic stop of Smith's truck. Smith had a female passenger in his truck. Before Officer Shaw exited his patrol vehicle, Smith exited the truck and started walking towards the officer. Officer Shaw immediately exited his vehicle and told Smith to get back into the pickup truck, but Smith did not comply and continued walking towards Officer Shaw. Officer Shaw then drew his firearm, pointed it at Smith, and ordered Smith to get back into his truck. Smith did not comply, and he reached into his truck while standing outside of it. Officer Shaw then called for backup, and he ordered Smith to show him his hands. Officer Shaw ordered Smith a second time to show him his hands, but Smith did not comply. Instead, Smith got back into his truck.

Officer Josh Walters arrived at the scene, and he and Officer Shaw ordered Smith out of the truck. Officer Shaw then conducted a pat-down search of Smith, and Officer Shaw attempted to place Smith in handcuffs. After some difficulty, the officers eventually secured the handcuffs on Smith's wrists. While Officer Shaw talked to Smith's female passenger, Officer Walters saw Smith get "his hands around his waist and . . . into one of his pockets with the fingertips of his right hand." Tr. at 116. Officer Walters grabbed Smith's arms and pushed them back behind him. And Officer Walters saw "part of a clear

plastic baggie . . . sticking out of the top of the pocket[.]" *Id.* at 117. Officer Walters pulled that baggie out of Smith's pocket and saw that it contained a powdery white substance. Smith "continued to fidget and attempt to get into other pockets," and "another plastic baggie" emerged from the top of another pocket in Smith's pants. *Id.* at 118-19. That baggie contained "multiple baggies" containing "a hard white rock-like substance" that the officers suspected was crack cocaine.[1] *Id.* at 119. The officers found a total of 8.6141 grams of cocaine and $750 in cash on Smith's person.

[4] The State charged Smith with dealing in cocaine, as a Class A felony; possession of cocaine, as a Class C felony; and resisting law enforcement, as a Class A misdemeanor. A jury found Smith guilty as charged. The trial court entered judgment of conviction for dealing in cocaine, as a Class A felony, and resisting law enforcement, as a Class A misdemeanor. And the trial court sentenced Smith to an aggregate term of thirty years with ten years suspended. This appeal ensued.

## Discussion and Decision

[5] Smith contends that the State presented insufficient evidence to support his dealing in cocaine conviction.[2] Our standard of review for sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

---

[1] The officers found two kinds of cocaine in Smith's pockets—powder cocaine and crack cocaine.

[2] Smith does not appeal his resisting law enforcement conviction.

In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Pillow v. State*, 986 N.E.2d 343, 344 (Ind. Ct. App. 2013) (citations omitted) (internal quotation marks omitted).

[6] To prove dealing in cocaine, as a Class A felony, the State was required to show that Smith knowingly or intentionally possessed, with intent to deliver, three grams or more of cocaine. Ind. Code § 35-48-4-1. Smith does not deny that he possessed more than three grams of cocaine. Smith contends only that the State failed to prove that he had the intent to deliver cocaine. We cannot agree.

[7] In *Love v. State*, 741 N.E.2d 789, 792 (Ind. Ct. App. 2001), we observed that,

"[b]ecause intent is a mental state, triers of fact generally must resort to the reasonable inferences arising from the surrounding circumstances to determine whether the requisite intent exists." *McGuire v. State*, 613 N.E.2d 861, 864 (Ind. Ct. App. 1993), *trans. denied*. "Circumstantial evidence showing possession with intent to deliver may support a conviction. Possessing a large amount of a narcotic substance is circumstantial evidence of intent to deliver. The more narcotics a person possesses, the stronger the inference that he intended to deliver it and not consume it personally." *Berry v. State*, 574 N.E.2d 960, 963 (Ind. Ct. App. 1991) (citations omitted), *trans. denied*.

[8] However, Smith points out that

the Indiana Legislature amended [Indiana Code Section] 35-48-4-1, effective July 1, 2014, to provide [as follows]:

> (c) A person may be convicted of an offense under subsection (a)(2) only if there is evidence in addition to the weight of the drug that the person intended to manufacture, finance the manufacture of, deliver or finance the delivery of the drug.

Appellant's Br. at 8. And Smith contends that, "[a]lthough the offense here was alleged to have occurred prior to the effective date of July 1, 2014, this amendment is important because, as this was a remedial statute intended to cure a defect in a prior statute, it should be given retroactive application." *Id.* We cannot agree.

[9] As Smith correctly notes, this provision became effective on July 1, 2014, as part of our General Assembly's overhaul of our criminal code pursuant to P.L. 158-2013 and P.L. 168-2014. It was not in effect at the time Smith committed his offenses in this matter. Despite Smith's assertion to the contrary on appeal, there is no question that the current version of Indiana Code Section 35-48-4-1 does not apply to him. I.C. § 1-1-5.5-21 ("The general assembly does not intend the doctrine of amelioration . . . to apply to any SECTION of P.L. 158-2013 or P.L. 168-2014"); *see also Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014) ("It is abundantly clear . . . that the General Assembly intended the new criminal code to have no effect on criminal proceedings for offenses committed

prior to the enactment of the new code."), *trans. denied*. Smith's contention that the new version of the law should apply here is without merit.

[10] The State presented evidence that Smith possessed 8.6141 grams of cocaine, and Officer Joshua Harpe testified that a typical "heavy user" of cocaine would ingest two to three grams per day and that "it's not common" for a cocaine user to buy more than a day's worth of cocaine at one time. Tr. at 186. Officer Harpe also testified that "[i]t's not common" to find a user "who was using two kinds of cocaine[, powder and crack,] at the same time." *Id.* at 178. Finally, Officer Harpe testified that the large sum of cash found in Smith's wallet and the fact that he had no paraphernalia used for ingesting either powder or crack cocaine was consistent with dealing in cocaine. We hold that the State presented sufficient evidence to prove that Smith possessed more than three grams of cocaine with intent to deliver. *See Love*, 741 N.E.2d at 792.

[11] Affirmed.

Baker, J., and Friedlander, J., concur.