## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 12 2017, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Leroy Washington,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 12, 2017<br><br>Court of Appeals Case No.<br>49A02-1707-CR-1665<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Jose D. Salinas, Judge<br><br>Trial Court Cause No.<br>49G14-1609-F6-37127 |

**Najam, Judge.**

# Statement of the Case

Leroy Washington appeals his conviction for dealing in marijuana, as a Level 6 felony, following a bench trial. He presents a single issue for our review, namely, whether the State presented sufficient evidence to support that conviction. We affirm.[1]

# Facts and Procedural History

On September 21, 2016, Washington was driving northbound on Sherman Drive in Indianapolis. Indianapolis Metropolitan Police Department Officer Christopher Rynard, driving his marked police vehicle, saw Washington driving at a "pretty good speed" and decided to follow him. Tr. at 9. After Washington suddenly turned in front of Marion County Sheriff's Deputy Osnel Andre's vehicle and caused Deputy Andre to slam on his brakes and swerve to avoid hitting oncoming traffic, Officer Rynard initiated a traffic stop of Washington.

When Officer Rynard approached Washington, who was the only occupant of his car, he observed that Washington was nervous. Deputy Andre assisted in the stop and stood next to the front passenger door while Officer Rynard talked to Washington. Both Officer Rynard and Deputy Andre saw a backpack with a distinctive white star pattern on it sitting in the front passenger seat. After Officer Rynard checked Washington's license on the computer in his police

---

[1] Washington does not appeal his convictions for resisting law enforcement or obstruction of justice.

vehicle, Officer Rynard returned to Washington's car and asked him to get out of the car. Washington did not comply, but drove off. Officer Rynard and Deputy Andre got back into their respective vehicles and chased after Washington.

[4] Washington traveled approximately five or six blocks in about thirty seconds to one minute before coming to a stop again. During the chase, Officer Rynard and Deputy Andre lost sight of Washington for a short period of time. After Washington was stopped, the officers placed him in handcuffs and patted him down. The officers found $468 in different denominations in his pants pockets. When Officer Rynard could not find the backpack in Washington's car, he asked Deputy Andre and other assisting law enforcement officers to look for it along the route that Washington had traveled after the initial traffic stop. Deputy Andre found the backpack on the side of the road along that route. Deputy Andre smelled an odor of marijuana coming from the backpack. Inside the backpack he found the following: a scale; a package of Swisher Sweets cigars; empty baggies; baggies containing marijuana; a "skunk sack";[2] and two broken jars containing marijuana. *Id.* at 21. The total amount of marijuana was more than forty-six grams.

[5] The State charged Washington with resisting law enforcement, dealing in marijuana, and obstruction of justice, each as a Level 6 felony. The trial court

---

[2] A skunk sack is "a sack that's supposed to hide the smell or odor of marijuana . . . so it doesn't permeate throughout the vehicle if you're in a vehicle or throughout a house or a bag if you're carrying it with you." Tr. at 45.

found him guilty on each count following a bench trial, entered judgment of conviction, and sentenced him to an aggregate sentence of 730 days in community corrections. This appeal ensued.

# Discussion and Decision

[6] Washington contends that the State presented insufficient evidence to support his dealing in marijuana conviction. In reviewing the sufficiency of the evidence, we consider only the evidence and reasonable inferences most favorable to the conviction, neither reweighing the evidence nor reassessing witness credibility. *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). We will affirm the judgment unless no reasonable fact-finder could find the defendant guilty. *Id.*

[7] To prove dealing in marijuana, as a Level 6 felony, the State was required to show that Washington knowingly or intentionally possessed with the intent to manufacture, finance the manufacture of, deliver or finance the delivery of marijuana in an amount that weighed more than thirty grams but less than ten pounds. *See* Ind. Code § 35-48-4-10 (2017). Washington's sole contention on appeal is that, because the legislature amended the dealing statute to require "more evidence than the quantity of marijuana" to prove intent to deal,[3] the State presented insufficient evidence here. Appellant's Br. at 13. In particular,

---

[3] To prove dealing in marijuana where the amount possessed is less than ten pounds, there must be "evidence in addition to the weight of the drug that the person intended to manufacture, finance the manufacture of, deliver, or finance the delivery of the drug." I.C. § 35-48-4-10(b)(1).

Washington maintains that the evidence of his intent to deal was "scant" as compared to that in other cases where dealing convictions were upheld on appeal. *Id.* We cannot agree.

[8] Because intent is a mental state, triers of fact generally must resort to the reasonable inferences arising from the surrounding circumstances to determine whether the requisite intent exists. *McGuire v. State*, 613 N.E.2d 861, 864 (Ind. Ct. App. 1993), *trans. denied*. Circumstantial evidence of intent to deliver, such as possession of a large quantity of drugs, large amounts of currency, scales, plastic bags, and other paraphernalia can support a conviction. *Id.* Here, the State presented more than just a large quantity of marijuana to prove Washington's intent to deal. In addition to the more than forty-six grams of raw marijuana, officers found in Washington's backpack a digital scale, baggies, and a "skunk sack," and they found on Washington's person $468 in cash in different denominations. That evidence is sufficient to support a reasonable inference that Washington intended to deal the marijuana. The State presented sufficient evidence to support the dealing in marijuana conviction.

[9] Affirmed.

Mathias, J., and Barnes, J., concur.