## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 04 2019, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shaquille Delaney,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 4, 2019

Court of Appeals Case No.
18A-CR-2828

Appeal from the St. Joseph
Superior Court

The Honorable Jeffrey L. Sanford,
Judge

Trial Court Cause No.
71D03-1806-F2-10

**Robb, Judge.**

# Case Summary and Issue

[1] Following the traffic stop of a stolen vehicle with three occupants, officers discovered methamphetamine, cocaine, a digital scale, and a notebook that appeared to be a transaction ledger. At the time of the stop, Shaquille Delaney was in the front passenger seat but told the officers he had been driving the vehicle all morning. Delaney was arrested and charged with one count of possession of methamphetamine with intent to deliver, a Level 2 felony, and one count of possession of cocaine with intent to deliver, a Level 3 felony. The trial court held a bench trial, entered a judgment of conviction on both counts, and sentenced Delaney. Delaney appeals and raises the sole issue of whether there is sufficient evidence to support his convictions for possession of methamphetamine and cocaine with intent to deliver. Concluding the evidence sufficiently supports his convictions, we affirm.

# Facts and Procedural History

[2] The facts most favorable to the judgments are as follows. On May 30, 2018, Todd Dehaven contacted the South Bend Police Department and reported that his 2011 navy blue Chevy Malibu had been stolen after he left it unlocked and running in front of a liquor store. Weeks later, on June 18, Officer Ryan Rush of the South Bend Police Department was parked in his patrol vehicle near the Adams Street gas station in South Bend running license plates. He observed a navy blue Chevy that had entered the gas station. He ran the vehicle's license plate number, discovered the vehicle had been reported stolen, and called for

back-up. While waiting for a back-up unit, Officer Rush observed two people exit the gas station and get into the vehicle. A female, later identified as Andrea Thomas, got in the driver's seat, and a male, later identified as Delaney, got in the front passenger seat. When the vehicle pulled out of the gas station, Officer Rush and several other officers initiated a "felony stop"[1] and ordered Thomas, Delaney, and Acasia Haynes, the back-seat passenger, out of the vehicle. After the occupants complied, they were detained, and officers began conducting an inventory search of the vehicle.

[3] The officers discovered a partially opened multi-colored "cloth zip bag" in the center console between the driver and front passenger seats. Transcript of Evidence, Volume 2 at 12. The partially opened bag was lying flat facing the front passenger's side. Officer Rush picked up the bag, looked inside, could see "a bunch of white . . . substance." *Id*. He then opened the bag "the rest of the way and fully could see the contents." *Id*. at 22. Officer David Trout arrived on scene and observed the same multi-colored bag in the center console area. At that time, Officer Rush informed Officer Trout that he had also observed the bag and "he saw what appeared to be narcotics sticking out of [it]." *Id*. at 30. Officer Trout approached the front passenger side of the vehicle and observed "in plain view a clear tied-off plastic baggie sticking out of the purse[.]" *Id*.

---

[1] Officer Rush explained the "felony stop" as "Where . . . we get two cars, doors open, multiple officers call [the passengers] out at gunpoint." Transcript of Evidence, Volume 2 at 11.

[4] Inside the bag, officers discovered multiple plastic baggies containing a "white crystal-like substance" or a "white powder substance[,]" a digital scale, and a notebook referencing drug weights and prices. *Id*. The officers recovered 113.88 grams of methamphetamine and 6.43 grams of cocaine. The search also revealed a reminder card from Wabash Circuit Court with ".50 – Coke" and "4.0 – ea." written on the back, as well as several buds of marijuana and a BMV receipt for Thomas. Trial Exhibits, Volume 3 at 24-25, 20-21, 26. After Delaney was advised of his *Miranda* rights, he told Officer Rush "he [had been] driving the car around all morning" and admitted that he drove the vehicle to the gas station. Tr., Vol. 2 at 20. Delaney told officers he borrowed the vehicle but did not believe it was stolen. All occupants were arrested.

[5] On June 20, the State charged Delaney with dealing in methamphetamine with intent to deliver, a Level 2 felony, and dealing in cocaine with intent to deliver, a Level 3 felony.[2] A bench trial was held on September 14, at which Thomas and Delaney testified. Notably, Thomas testified that Delaney picked her up in the vehicle to go to the gas station and, when she got in the front passenger seat, the multi-colored bag was already in the vehicle and Haynes was in the back seat. Delaney denied knowledge that the vehicle was stolen and testified that he borrowed the car from his sister's friend, a woman he had never met before.

---

[2] Pursuant to statute, Delaney was charged with these enhanced felonies because he possessed at least ten grams of methamphetamine and at least five but less than ten grams of cocaine. *See* Ind. Code § 35-48-4-1.1(a), (e); Ind. Code § 35-48-4-1(a), (d).

[6]     The trial court found Delaney guilty on both counts and issued a written judgment of conviction on September 25, concluding in relevant part:

> The first issue is whether the Court is convinced that [Delaney] knowingly possessed the drugs.  It makes little sense that a person unknown to [Delaney] would not only give him her car, but also leave in the car a significant amount of contraband.  Based on the location of the pouch in the vehicle; that it was partially opened; [Delaney's] statement that he had been driving the vehicle all morning; and he drove the vehicle to the gas station just before the stop, the Court is convinced beyond a reasonable doubt that [Delaney] knowingly constructively possessed the pouch and its contents.
>
> The second issue the Court must resolve is whether [Delaney] possessed with the intent to deliver.  In addition to the lab report that indicates how the drugs were packaged, State's Exhibits . . . clearly show individually packaged plastic bags.  There was also a scale in the pouch[.]  The methamphetamine weighed over 100 grams and the cocaine weighed 6.43 grams.  There was a notebook, . . . which makes reference to "weights with a bag", "with coke bag", to money and amounts[.]  A piece of paper from the Wabash Circuit Court, . . . and the back of that slip of paper . . . makes references to what appears to be weights and "coke."
>
> There is sufficient evidence to prove beyond a reasonable doubt that [Delaney] possessed with the intent to deal in cocaine and methamphetamine.

Appellant's Appendix, Volume II at 26-27 (citations omitted).  The trial court sentenced Delaney to seventeen and one-half years.  Delaney now appeals.  Additional facts will be provided as necessary.

# Discussion and Decision

## I. Standard of Review

Our standard of reviewing a sufficiency claim is well-settled. *Brent v. State*, 957 N.E.2d 648, 649 (Ind. Ct. App. 2011), *trans. denied*. We do not reweigh the evidence or assess the credibility of the witnesses. *Purvis v. State*, 87 N.E.3d 1119, 1124 (Ind. Ct. App. 2017). Instead, we consider only the evidence most favorable to the judgment and the reasonable inferences supporting the judgment. *Id*. Therefore, it is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). "[W]e will affirm the conviction unless no reasonable trier of fact could have found the elements of the crime beyond a reasonable doubt." *Id*.

## II. Sufficiency of the Evidence

Delaney challenges his convictions and argues the evidence is insufficient to demonstrate that he constructively possessed the methamphetamine and cocaine with intent to deliver.

To convict Delaney of dealing in methamphetamine, a Level 2 felony, and dealing in cocaine, a Level 3 felony, the State had to prove beyond a reasonable doubt that Delaney knowingly possessed methamphetamine and cocaine with intent to deliver. Ind. Code § 35-48-4-1.1(a)(2); Ind. Code § 35-48-4-1(a)(2); Ind. Code 35-41-4-1(a) ("A person may be convicted of an offense only if his guilt is proved beyond a reasonable doubt."). A conviction for the possession of an illegal drug may be supported by either actual or constructive possession.

*Grim v. State*, 797 N.E.2d 825, 832 (Ind. Ct. App. 2003). Actual possession of contraband occurs when a person has direct physical control over the item. *Gee v. State*, 810 N.E.2d 338, 340 (Ind. 2004). Because the officers did not find the contraband on Delaney's person or observe him hold or discard the drugs, Delaney did not have actual possession of the contraband and the State prosecuted its case under the theory of constructive possession. *See Brent*, 957 N.E.2d at 650.

[10]   Constructive possession occurs when a person has both the *intent* and the *capability* to maintain dominion and control over the contraband. *Lampkins v. State*, 682 N.E.2d 1268, 1275 (Ind. 1997). To prove capability, the State must demonstrate that the defendant is able to reduce the contraband to his or her personal possession. *Smith v. State*, 113 N.E.3d 1266, 1270 (Ind. Ct. App. 2018), *trans. denied*. A fact-finder may infer the capability prong is met if the defendant had a possessory interest, even a non-exclusive interest, in the premises on which the contraband was found. *Gray*, 957 N.E.2d at 174. In this case, the pouch containing the contraband was in the center console area of the vehicle, right next to Delaney, and easily within his reach. Thus, Delaney had the ability to reduce the methamphetamine and cocaine to his personal possession. *See Lampkins*, 682 N.E.2d at 1275 ("Because the [bottle containing cocaine] was under defendant's seat and easily within his reach, he was able to 'reduce' the cocaine to his 'personal possession.'").

[11]   To prove intent, the State must establish the defendant's knowledge of the presence of the contraband, which may be inferred from either exclusive

dominion and control of the premises or, if control is not exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *K.F. v. State*, 961 N.E.2d 501, 510 (Ind. Ct. App. 2012), *trans. denied.* Recognized additional circumstances include: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) the contraband is in plain view; and (6) the location of the contraband is in close proximity to items owned by the defendant. *Griffin v. State*, 945 N.E.2d 781, 784 (Ind. Ct. App. 2011). These factors are not exclusive and ultimately, the State must establish "the probability that the defendant was aware of the presence of the contraband and its illegal character." *Wilkerson v. State*, 918 N.E.2d 458, 462-63 (Ind. Ct. App. 2009) (quoting *Gee*, 810 N.E.2d at 344).

[12] On appeal, Delaney argues that the State relied solely on the contraband's close proximity to him to establish the intent element. Proximity to contraband not in plain view *alone* is insufficient to support an inference of intent to maintain dominion and control over it. *Holmes v. State*, 785 N.E.2d 658, 661-62 (Ind. Ct. App. 2003). However, in reaching its conclusion, the trial court did not rely solely on the contraband's proximity to Delaney but, instead, relied on numerous factors to demonstrate constructive possession: the location of the bag; that the bag was partially open; Delaney's statement that he had been driving the vehicle all morning; and the fact that Delaney drove the vehicle to the gas station even though Thomas was driving when the vehicle was stopped. The trial court also found it unlikely that "a person unknown to [Delaney]

would not only give him her car, but also leave in the car a significant amount of contraband." Appellant's App., Vol. II at 26. We agree that these factors, taken together, demonstrate Delaney's knowledge of the presence and nature of the contraband. Because we cannot reweigh the evidence or judge the credibility of the witnesses, we will not question the trial court's assessment in this regard. *Purvis*, 87 N.E.3d at 1124. Given the readily apparent location of the partially opened bag containing illegal drugs, Thomas' testimony that the bag was already in the vehicle when Delaney picked her up, and Delaney's statements demonstrating control of the vehicle, a factfinder could infer Delaney knew of the presence and nature of the contraband.

[13] Although Delaney maintains that the State failed to present sufficient evidence that he constructively possessed the contraband with the intent to deliver, he fails to present any argument as to why the evidence is insufficient to demonstrate his "intent to deliver." Therefore, it appears Delaney does not specifically challenge his convictions in this respect. Nonetheless, the evidence in the record supports an inference that Delaney intended to deliver the drugs. The trial court found that the individual packaging, digital scale, and notebook containing references to weights and prices constituted sufficient evidence that Delaney possessed the drugs with the intent to deliver. Again, we agree. Based on the large quantity of drugs, its packaging, the ledger referencing weights and prices, and the digital scale, a reasonable factfinder could infer Delaney intended to deliver the drugs. *See, e.g., White v. State*, 772 N.E.2d 408, 412-13 (Ind. 2002) (holding that the "peculiar packaging" of a clear plastic bag with

twenty-nine individual plastic bags containing crack cocaine was sufficient to uphold a jury's inference that the defendant intended to deliver the drugs); *McGuire v. State*, 613 N.E.2d 861, 864 (Ind. Ct. App. 1993) (examples of circumstantial evidence of a defendant's intent to deliver drugs include possession of a large quantity of drugs, large amounts of currency, scales, plastic bags, other paraphernalia, and evidence of other drug transactions), *trans. denied*.

# Conclusion

[14] For the reasons set forth above, we conclude the evidence is sufficient to support Delaney's convictions of possession of methamphetamine and possession of cocaine with the intent to deliver. Accordingly, we affirm.

[15] Affirmed.

Baker, J., and Najam, J., concur.