ATTORNEY FOR APPELLANT
Charles E. Stewart, Jr.
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 45S03-0712-CR-574

JEFFREY PEARSON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Lake Superior Court, No. 45G04-0211-FD-250
The Honorable Thomas Stefaniak, Jr., Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 45A03-0610-CR-507

**March 27, 2008**

**Rucker, Justice.**

When a trial court orders restitution either as a condition of probation or as a condition of a suspended sentence, it is required to inquire into the defendant's ability to pay. Although the trial court did not make such an inquiry in this case, we nonetheless affirm its judgment because the defendant did not raise his inability to pay restitution as an issue on appeal.

**Facts**

Between January 1, 1997, and December 31, 2000, Jeffrey R. Pearson served as a police officer with the East Chicago Police Department. He was also a member of the Fraternal Order of Police Lodge #59 and served as its treasurer. In the year 2000, after two widows separately complained to the Lodge president that they had not received their death benefits following their husbands' deaths, an internal investigation ensued. Among other things the investigation revealed missing funds and unaccounted for expenditures. Ultimately the matter was submitted to a grand jury, which returned an indictment against Pearson on November 1, 2002 charging him with theft as a Class D felony.

On October 31, 2005, the parties appeared in open court and presented a Stipulated Plea and Agreement. The agreement provided in pertinent part that the State would amend the indictment to include a charge of conversion as a Class A misdemeanor to which Pearson would plead guilty, and in exchange the State would dismiss the felony theft charge. The agreement also provided, "The parties agree that the defendant shall be sentenced to one (1) year in the Lake County Jail, which shall be suspended and served on probation; [] The parties agree and understand that the defendant shall make restitution to the victim, Fraternal Order of Police Lodge #59, with the amount to be determined by the Court." App. at 49. After the trial court advised Pearson of the rights he would be forfeiting by his plea of guilty and satisfying itself that Pearson's agreement was entered knowingly, intelligently, and voluntarily, Pearson pleaded guilty as provided in the agreement. As a factual basis for the plea agreement Pearson admitted among other things that he "exerted unauthorized control over money of the East Chicago Fraternal Order of Police Lodge #59." Id. at 51. The trial court took the plea under advisement and scheduled a hearing to determine the amount of restitution.

The hearing on restitution, which occurred over a three-day period, April 13, 2006, July 10, 2006, and August 4, 2006, was bitterly contested. The State introduced evidence which it argued demonstrated that Pearson exerted unauthorized control over money of the Lodge in an amount in excess of $50,000.00. Pearson disputed the amount. And although he introduced no evidence on his own behalf, in a sentencing memorandum Pearson argued that he "should be made to pay restitution in the amount of $300.00." App. at 73. According to Pearson this amount represented the fair-market value of a computer that he purchased with Lodge funds and converted to his own use. Id.

On August 24, 2006, the trial court sentenced Pearson to one year in jail, all suspended, pursuant to the plea agreement. App. at 76. Additionally, the trial court ordered Pearson to pay $52,685.97 as restitution in increments of at least $150.00 per month. Id. The trial court did not make a finding as to Pearson's ability to pay or conduct a hearing on his ability to pay.

Pearson appealed[1] raising a single issue for review, "Did the trial court err in ordering the defendant to pay over $50,000.00 in restitution without determining that the defendant had the ability to pay this amount during a one year probationary period?" Br. of Appellant at 1. Concluding that the trial court erred when it failed to determine Pearson's ability to pay the ordered restitution, the Court of Appeals, in an unpublished memorandum decision, reversed and remanded this cause to the trial court. See Pearson v. State, 45A03-0610-CR-507 (Ind. Ct. App. July 27, 2007). Having previously granted the State's petition to transfer, we now affirm the judgment of the trial court.

## Discussion

The principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused. Haltom v. State, 832 N.E.2d

---

[1] Although Pearson agreed to pay restitution, he did not agree to the amount or the terms of payment. Both were left to the discretion of the trial court. Thus, Pearson is not foreclosed from contesting this matter on appeal. See Tumulty v. State, 666 N.E.2d 394, 395-96 (Ind. 1996) (A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal. However, a person who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision where the trial court has exercised sentencing discretion.).

969, 971 (Ind. 2005). Restitution also serves to compensate the offender's victim. Id. And, when the trial court enters an order of restitution as part of a condition of probation, the court is required to inquire into the defendant's ability to pay. See Ind. Code § 35-38-2-2.3(a)(5) ("When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance."). This is so in order to prevent indigent defendants from being imprisoned because of a probation violation based on a defendant's failure to pay restitution. Jaramillo v. State, 803 N.E.2d 243, 250 (Ind. Ct. App. 2004).

In its Petition to Transfer, the State does not dispute these rather well settled rules of law. Indeed it concedes as much. However, the State argues there is a distinction between restitution as a condition of probation, which requires an inquiry into the defendant's ability to pay, and restitution as an independent term of the sentence, which does not require such an inquiry. According to the State, the trial court's restitution order falls in this latter category.

We agree with the State to some extent. That is to say a trial court may order restitution as part of a defendant's sentence wholly apart from probation. See, e.g., Miller v. State, 502 N.E.2d 92, 95 (Ind. 1986) ("[A]n order of restitution is as much a part of a criminal sentence as a fine or other penalty.") (citation omitted). And when restitution is ordered as part of an executed sentence, an inquiry into the defendant's ability to pay is not required. Shaffer v. State, 674 N.E.2d 1, 9 (Ind. Ct. App. 1996). In such a situation, restitution is merely a money judgment, see I.C. § 35-50-5-3(b), and a defendant cannot be imprisoned for non-payment. Shaffer, 674 N.E.2d at 9.

In this case however, even assuming the order of restitution is not a term of probation,[2] it is clear that the order is not a part of the executed term of Pearson's sentence. Instead his one year executed misdemeanor sentence was "suspended in total." Tr. at 443. Just as with probation, a suspended sentence may be revoked "[i]f the probationer has willfully refused to pay or has failed to make a sufficient bona fide effort to acquire the resources to pay, [and] the

---

[2] Although the trial court's written sentencing order is somewhat ambiguous on this point, the CCS entry provides, "$52,685.97 Criminal Restitution ordered, payable as a condition of probation at least $150.00 per month." App. at 3.

court may revoke probation and sentence the defendant to prison." Champlain v. State, 717 N.E.2d 567, 571 (Ind. 1999) (revoking defendant's suspended sentence for failure to pay restitution) (quotations omitted). Thus, "when restitution is ordered as a condition of probation *or a suspended sentence*, the trial court must inquire into the defendant's ability to pay in order to prevent indigent defendants from being imprisoned because of their inability to pay." Ladd v. State, 710 N.E.2d 188, 192 (Ind. Ct. App. 1999) (emphasis added). In the case before us the trial court made no such inquiry. However, for reasons explained below we disagree with our colleagues on the Court of Appeals that this matter should be remanded to the trial court.

In this appeal Pearson does not challenge the amount of the restitution he has been ordered to pay. Nor does Pearson contend that he has no ability to pay. Instead Pearson's claim is that there was no inquiry made as to whether he has "the ability to pay this amount [$52,685.97] *during a one year probationary period*." Br. of Appellant at 1 (emphasis added). Pearson elaborates that the trial court's restitution order "would have required the defendant to pay the sum of approximately $4,400.00 per month." Id. at 5.

Implicit in Pearson's argument is the assumption that his obligation to make restitution terminates upon the end of his probationary term. However, this is not so. As a general proposition once a term of probation has expired, the trial court loses all jurisdiction over the defendant and is powerless to enforce any conditions of probation, even though it is aware that the defendant has failed to meet a condition. White v. State, 560 N.E.2d 45, 46 (Ind. 1990). But the expiration of a probationary period does not terminate an obligation to make restitution to a crime victim. See I.C. § 35-50-5-3(f) ("Regardless of whether restitution is required . . . as a condition of probation or other sentence, the restitution order is not discharged by the completion of any probationary period or other sentence imposed for a felony or misdemeanor."); see also Savage v. State, 655 N.E.2d 1223, 1225 (Ind. 1995) (upholding a restitution order as a term of a two-year probation in the amount $164,998.59 – which was in excess of the defendant's current assets, and in excess of his lifetime discretionary income – but remanding to the trial court to determine a "periodic payment amount that [the defendant] can or will be able to afford").

The expiration of Pearson's one-year probationary term does not terminate his obligation to pay restitution. And because Pearson does not challenge the amount of restitution or his ability to pay $150.00 per month in discharge of his obligation, there is no need to remand this cause to the trial court.

## Conclusion

We affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ.,concur.