**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BENJAMIN E. NORDMANN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J. T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

BRUCE KEVIN POND,          )
                           )
   Appellant-Defendant,    )
                           )
      vs.          )          No. 90A05-1202-CR-73
                           )
STATE OF INDIANA,          )
                           )
   Appellee-Plaintiff.     )

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1107-FC-12

**September 19, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Bruce Pond (Pond), appeals his sentence for voluntary manslaughter, a Class A felony, Ind. Code § 35-42-1-3(a).

We affirm.

## ISSUES

Pond raises three issues on appeal, and restate as the following two issues:

(1) Whether the trial court abused its discretion when sentencing Pond; and

(2) Whether the trial court erred when it ordered Pond to pay restitution.

## FACTS AND PROCEDURAL HISTORY

On July 22, 2011, Pond was drinking beer with his son Blake and a family friend on the back porch of his mother's house in Ossian, Indiana. Pond became annoyed with a light shining from the pier of a neighboring pond. Matt Michuda (Michuda) along with his four year old son Jacob and two friends were fishing off the pier. Pond went inside the house, obtained a .22 caliber rifle, and fired two shots toward the area where the light was shining. One of the shots hit Jacob in the right temple. Jacob cried for his father who picked him up and carried him back to Michuda's nearby home. An ambulance arrived and took Jacob to a hospital where he was later pronounced dead.

Officers arrived at the scene in the early morning hours of July 23, 2011. After interviewing Matt's friends, officers learned that the shots had come from Pond's mother's home. Officers contacted Pond, Blake, and the family friend and all three came

2

to the police station where they were interviewed. Each one denied knowing anything about the shooting. In particular, Pond denied possessing any guns. However, later that day, Pond's friend called the police to change his story and admitted that Pond had shot the rifle and that Blake had hid it before the officers arrived. After executing a search warrant, the officers located the rifle behind a barn on Pond's mother's property. Blake also later admitted that Pond had fired the shots and instructed him to hide the rifle behind the barn. Pond was arrested later that day and upon learning that Jacob had died admitted to possessing the rifle and firing the shots.

On July 25, 2011, the State filed an Information charging Pond with Count I, reckless homicide, a Class C felony, I.C. § 35-42-1-5 and Count II, unlawful possession of a firearm by a domestic batterer, a Class A misdemeanor, I.C. § 35-47-4-6(a). On August 2, 2011, the State filed an Amended Information amending Count I to murder, a felony, I.C. § 35-42-1-1(1).

On December 16, 2011, the State filed an additional Information, charging Pond with Count III, voluntary manslaughter, a Class A felony, I.C. § 35-42-1-3(a). That same day, Pond entered into a plea agreement with the State in which he agreed to plead guilty to Count III in exchange for the State's dismissal of Counts I and II as well as a charge of invasion of privacy in a separate case. The State also agreed to obtain written confirmation from the United States Attorney's Office that federal charges would not be brought against Pond for unlawful possession of a firearm. The plea agreement left

Pond's sentence to the trial court's discretion, but capped the sentence at forty years. The trial court accepted Pond's plea agreement and scheduled a sentencing hearing.

On January 17, 2012, the trial court conducted the sentencing hearing. The State argued that the following factors justified aggravating Pond's sentence: the harm suffered by Jacob was greater than the elements required to prove the offense; Jacob's age; Pond's criminal history and probationary status at the time of the crime; and his failure to cooperate with law enforcement. Pond argued that his prior offenses were dissimilar and minor in comparison to the instant offense, that the State and Jacob's family benefitted from his guilty plea, and that he was remorseful. Although finding that Pond had no intent to kill Jacob, the trial court concluded that the mitigating factors advanced by Pond were of little or no weight while the aggravating factors were sufficiently supported and outweighed the mitigating factors. As a result, the trial court sentenced Pond to forty years of incarceration and ordered him to pay $9,958.64 as restitution, which was later amended to $9,800.44.

Pond now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Pond first argues that the trial court improperly aggravated his sentence for voluntary manslaughter. In particular, he contends that the trial court improperly weighed aggravating and mitigating factors and also failed to consider his remorse over Jacob's death. Second, Pond argues that the trial court erred by ordering him to pay restitution to Jacob's family.

## I. *Aggravating and Mitigating Factors*

Pond was convicted of voluntary manslaughter as a Class A felony and received a sentence of forty years' incarceration. *See* I.C. 35-42-1-3 (a)(2). The sentencing range for a Class A felony is twenty to fifty years, with an advisory sentence of thirty years. I.C. § 35-50-2-4. Here, Pond received a sentence ten years shorter than the maximum possible sentence.

As Pond's sentence is within the statutory range, we review it only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. Ways in which the trial court may abuse its discretion include: wholly failing to issue a sentencing statement; issuing a sentencing statement that bases a sentence on reasons unsupported by the record, or that includes reasons that are improper as a matter of law. *Phelps v. State*, 914 N.E.2d 283, 290 (Ind. Ct. App. 2009).

### A. *Aggravating Factors*

Pond argues that the trial court abused its discretion in imposing a forty year sentence because it gave undue weight to three aggravating factors: (1) his criminal history, (2) his probationary status at the time of the crime, and (3) his dishonesty to police during the initial investigation.

Pond first argues that the trial court gave too much weight to his criminal history since his five prior misdemeanor convictions and juvenile delinquency adjudication differed in gravity and similarity to the present offense. Pond's prior misdemeanor convictions consisted of two domestic battery convictions as well as single convictions for battery, invasion of privacy, and operating while intoxicated. His juvenile delinquency adjudication involved minor possession of alcohol. Pond claims that the harm and gravity of these offenses differs significantly from the present offense in that no firearm was used. However, the trial court is no longer required to weigh aggravating and mitigating factors against each other under the advisory sentencing scheme. *Anglemyer*, 868 N.E.2d at 491. Accordingly, the trial court had discretion in the weight it afforded to Pond's criminal history, and we conclude that the trial court did not abuse its discretion in that regard.

Next, Pond contends that the trial court placed undue weight on Pond's probationary status at the time of the offense by relying on Pond's prior probation revocations. Under I.C. § 35-38-1-7.1(a)(6), the trial court may consider a defendant's recent violation of probation as an aggravating circumstance. Here, Pond was on probation for domestic battery at the time of the offense. Thus, we find no abuse of discretion.

Finally, Pond challenges the trial court's conclusion that his early denials of culpability constituted an aggravating factor. Pond argues that the trial court erred by not specifying how much weight it placed on this factor. However, the trial court is not

6

required to weigh aggravating factors. *Anglemyer*, 868 N.E.2d at 491. Pond also contends that there is no evidence that Pond's statements to police hampered their investigation. We find Pond's argument incredulous. The record shows that Pond denied culpability to police and also directed his son Blake to hide the gun. Accordingly, the trial court committed no abuse of discretion here.

Furthermore, we note that the trial court found two additional aggravating factors: the age of the victim and Pond's unlawful possession of a firearm. In general, a single aggravating circumstance is adequate to support the enhancement of a sentence. *See Anderson v. State*, 961 N.E.2d 19, 33 (Ind. Ct. App. 2012), *trans. denied*. Pond does not challenge these two aggravating factors on appeal. We therefore conclude that there were sufficient aggravating factors supporting Pond's aggravated sentence even without the trial court's findings on Pond's criminal history, probationary status at the time of the offense, and his statements to the police prior to his arrest. Accordingly, Pond has not shown that the trial court abused its discretion in enhancing his sentence.

### B. *Mitigating Factors*

Pond also challenges the trial court's consideration of certain mitigating factors. He argues that the trial court did not give sufficient weight to his guilty plea and failed to identify his remorse over Jacob's killing as a mitigating factor.

Pond contends that his guilty plea saved the State both time and expense and spared Jacob's family from the pain and anguish of going through a trial where gruesome autopsy photos would have been displayed. While the trial court afforded some

7

mitigating weight to Pond's guilty plea, we find his argument disingenuous in light of the substantial benefit Pond received for his guilty plea. The State dismissed the murder and unlawful possession of a firearm by a convicted domestic batterer Counts and capped his sentence at forty years in exchange for Pond's guilty plea. Accordingly, the trial court did not err in finding that Pond's guilty plea was not a significant mitigator. *See Anglemyer*, 875 N.E.2d at 221.

Next, we consider Pond's argument that the trial court did not consider his remorse as a mitigating factor. When alleging that a trial court failed to identify or find a mitigating factor, a defendant must establish that mitigating evidence is both significant and clearly supported by the record. *Lavoie v. State*, 903 N.E.2d 135, 141 (Ind. Ct. App. 2009). Pond expressed his regret to police officers, his probation officer, and at the sentencing hearing. Pond cites *Scott v. State*, 840 N.E.2d 376, 384 n.7 (Ind. Ct. App. 2006), *trans. denied*, for the proposition that expressions of remorse may be considered as a valid mitigating circumstance. However, in *Scott*, we found that the sincerity of the defendant's remorse was entitled to slight weight in light of the "unprovoked shooting of a randomly selected victim." *Id.* Similarly, we find Pond's expression of remorse to be of slight weight given the unprovoked and random act that took Jacob's life. In sum, we do not agree that Pond's remorse was of such significance that the trial court abused its

8

discretion by declining to acknowledge it. We therefore affirm the trial court's imposition of Pond's forty year executed sentence.[1]

## II. Restitution

Pond also challenges the trial court's restitution order. Specifically, Pond argues that the trial court erred by ordering him to pay restitution without inquiring into his ability to pay. In support, Pond cites I.C. § 35-38-2-2.3, which requires the trial court to conduct an indigency inquiry prior to imposing restitution as a condition of probation. Pond also challenges the trial court's calculation of the restitution amount.

An order of restitution is within the trial court's discretion and we will only review the order for an abuse of discretion. *Bennett v. State*, 862 N.E.2d 1281, 1286 (Ind. Ct. App. 2007). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if it misinterprets or misapplies the law. *See id*. Pursuant to I.C. § 35-50-5-3(a), the trial court "may, as a condition of probation or without placing the person on probation, order the person to make restitution to […] the family of a victim who is deceased." The trial court's restitution order must be based on actual costs, whether for property damage, medical expenses, lost earnings, or funeral costs. *Id*. The purpose of a restitution order is to

---

[1] Ind. Appellate Rule 7(B) enables appellate review of the appropriateness of a sentence based on the nature of the crime and the character of the offender. Although citing App. R. 7(B) in his brief, Pond makes no argument that his sentence is inappropriate in light of the nature of the offense or character of the offender. Therefore, we do not address it.

impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victim caused by the offense. *Bennett*, 862 N.E.2d at 1286.

We find no error by the trial court. It is undisputed that Pond's sentence did not include probation. Thus, no prior determination of indigency was required. *See Pearson v. State*, 883 N.E.2d 770, 773 (Ind. 2008). We also conclude that the amount of the restitution order was supported by the record. Evidence supporting a restitution order is sufficient "if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *T.C. v. State*, 839 N.E.2d 1222, 1227 (Ind. Ct. App. 2005), *reh'g denied*. On the date of the sentencing hearing, both of Jacob's parents submitted an itemized claim form listing their damages. While both parents claimed funeral expenses of $9,738.64, Michuda claimed an additional $220, representing $70 for lost wages and $150 for Jacob's clothing. The trial court ordered Pond to pay $9,958.64 in restitution, but later amended the amount to $9,800.44. Although the record does not reveal the reasons for the trial court's decision, we find no abuse of discretion because the State presented two separate pieces of evidence reciting the actual expenses incurred by Jacob's parents. Thus, the trial court could determine the amount of restitution due. *See* I.C. § 35-50-5-3(a).

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by sentencing Pond to forty years for voluntary manslaughter and the trial court did not err by ordering Pond to pay restitution.

10

Affirmed.

BAILEY, J. and CRONE, J. concur