**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANGELA B. TATE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1203-CR-140 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Samuel R. Keirns, Judge
Cause No. 02D05-1109-FD-1242

**September 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Angela Tate appeals the trial court's restitution order following her convictions for Class D felony aiding theft and Class A misdemeanor resisting law enforcement. We affirm.

## Issue

Tate raises one issue, which we restate as whether the trial court properly ordered her to pay $12,741.59 in restitution.

## Facts

On September 11, 2011, Tate and her father, Anthony Winder, went to Palermo Auto Sales in Fort Wayne. While Tate acted as a lookout, Winder jacked up a vehicle and began removing the catalytic converter. The car lot's owner, Alex Palermo, confronted them with a handgun and started chasing Tate. However, Palermo was hit from behind and disarmed by Winder, who pistol-whipped Palermo on the head, fracturing his skull and causing bleeding in his brain. When the police arrived, Tate fled the scene with a cordless saw despite orders for her to stop.

The State charged Tate with Class D felony aiding theft and Class A misdemeanor resisting law enforcement. She pled guilty as charged, and she received a sentence of two years suspended to probation. The trial court later held a restitution hearing and ordered Tate to pay restitution of $12,741.59, which included $1,250.00 for two catalytic converters and $11,491.59 for Palermo's medical bills. Tate now appeals.

**Analysis**

Tate argues that the trial court improperly ordered her to pay restitution. We review a trial court's restitution order for an abuse of discretion. Crawford v. State, 770 N.E.2d 775, 781 (Ind. 2002). "The principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused." Pearson v. State, 883 N.E.2d 770, 772 (Ind. 2008). Restitution also serves to compensate the offender's victim. Id.

Tate first argues that the restitution order is improper because the trial court failed to determine her ability to pay. She is correct that, when the trial court enters an order of restitution as part of a condition of probation or a suspended sentence, the court is required to inquire into the defendant's ability to pay. Id. at 772-73 (citing Ind. Code § 35-38-2-2.3(a)(5) ("When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance."); and Ladd v. State, 710 N.E.2d 188, 192 (Ind. Ct. App. 1999)). However, a trial court may also order restitution as part of a defendant's sentence wholly apart from probation. Id. Under those circumstances, "an inquiry into the defendant's ability to pay is not required." Id. at 773. "In such a situation, restitution is merely a money judgment . . . ." Id.

Nothing in the record submitted on appeal by Tate indicates that the trial court ordered restitution as a condition of her probation or suspended sentence. Under these circumstances, we cannot say that the trial court abused its discretion when it did not inquire into her ability to pay.

3

Tate also argues that the trial court improperly ordered her to pay Palermo's medical bills as part of her restitution. Tate concedes that she is liable for the damage to Palermo's vehicles but argues that she did not cause Palermo's physical injuries. According to Tate, the restitution ordered by the trial court does not fulfill the general purposes of restitution.

Indiana Code Section 35-50-5-3 provides that the trial court shall base its restitution order, in part, on "medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime." Restitution is based on harm or loss that is a direct and immediate result of the defendant's criminal acts. Rich v. State, 890 N.E.2d 44, 51 (Ind. Ct. App. 2008), trans. denied.

Here, Tate pled guilty to Class D felony aiding theft and Class A misdemeanor resisting law enforcement. As Tate acted as a lookout for her father while he stole catalytic converters, Palermo discovered them and started chasing Tate. Palermo's injuries resulted when Tate's father hit Palermo from behind and pistol-whipped him. Even though Tate did not pistol-whip Palermo, Palermo's injuries were still a direct and immediate result of her actions in aiding the theft. We also conclude that the purposes of restitution, including vindicating the interests of society, properly compensating the victim, and impressing upon Tate the magnitude of her actions are furthered by holding Tate responsible for Palermo's medical expenses. The trial court did not abuse its discretion by ordering Tate to pay restitution that included Palermo's medical expenses.

**Conclusion**

Tate presented no evidence that the restitution was a condition of her probation or suspended sentence, and thus, the trial court was not required to inquire as to her ability to pay. Further, the trial court properly ordered Tate to pay restitution that included Palermo's medical expenses. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.