## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Jun 11 2015, 9:10 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Thomas G. Godfrey
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jody Meredith,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 11, 2015

Court of Appeals Cause No.
48A05-1411-CR-544

Appeal from the Madison Circuit Court
Cause No. 48C04-1110-FD-1827

The Honorable David A. Happe, Judge

**Barnes, Judge.**

# Case Summary

[1] Jody Meredith appeals the trial court's restitution order after her conviction for Class D felony theft. We affirm.

# Issue

[2] Meredith raises one issue, which we restate as whether the trial court properly ordered her to pay $40,831.81 in restitution.

# Facts

[3] On June 18, 2011, Roger Kessler and Susan Campford-Kessler of United Dewatering and Construction Company reported to the Madison County Sheriff's Department that forty well casing pipes had been stolen from their business property in Fortville. Each pipe was thirty to forty feet long, and they claimed that the pipes were valued at approximately $83,172.00. The State charged Meredith with Class D felony theft for "knowingly or intentionally exert[ing] unauthorized control over the properly of another person, to wit: well casing pipes belonging to United Dewatering & Construction Co., with the intent to deprive said person of any part of the use or value of the property." App. p. 120.

[4] Meredith pled guilty to Class D felony theft and a charge in another case and agreed to pay restitution as ordered by the trial court. At the guilty plea hearing, Meredith admitted in part that the well casing pipes were valued at approximately $83,000.00. The trial court sentenced Meredith to three years with one year suspended to probation. The trial court also ordered Meredith to

"pay no less than 25% of net disposable earnings towards restitution" with the restitution amount to be determined by the probation department. *Id.* at 13. At the sentencing hearing, the trial court stated:

> It is a condition of both the executed sentence and the suspended sentence that the defendant pay restitution in an amount to be determined by the probation department. I expect you to be making as much progress as you can towards that. I understand that your earning capacity may be limited but I'll expect no less from you than we expect from someone in a small claims case who has a collection suit filed against them. That is, if a garnishment's issued against them they are to pay twenty-five percent (25%) of their take home pay, or their net disposable earnings. You are to pay no less than twenty-five percent (25%) of your net disposable earnings towards restitution.

Tr. p. 28. The trial court stated that, if Meredith or the victims disagreed with the restitution amount determined by the probation department, either party could request an evidentiary hearing.

[5] The probation department determined that the restitution amount should be $82,524.00. Meredith objected and filed a request for a hearing. The trial court held several hearings on the restitution matter and found:

> 2. In this case, Defendant was charged with a single count of Theft, class D felony. The charging information alleges that on June 10, 2011, the defendant exercised unauthorized control over an unspecified number of well casings belonging to United Dewatering and Construction Co.
>
> 3. At her dispositional hearing on December 17, 2012, Defendant acknowledged having participated in stealing well casing pipes valued at approximately $83,000, on or about June 10, 2011.
>
> 4. While the victim may have suffered further harms from additional material that were taken in an ongoing campaign of

thefts, any such other thefts were not charged or found to be Defendant's responsibility.

5. The victim corporation requests restitution from lost earnings well beyond the cost to replace the stolen well casings. There was limited documentation of corporate earning history, no itemization of specific actual contracts lost and the expected profits, insufficient evidence of mitigation of damages, and no economic evidence of business trends in this sector. An award of lost profits on this record would be speculative.

6. In the correspondence received from United Dewatering & Construction, Inc., the victim corporation reports actual losses for replacement of the well casings of $83,182.81, offset by net insurance proceeds of $42,351.17, leaving uncompensated replacement costs of $40,831.64.

THEREFORE, Defendant is ordered to pay restitution to United Dewatering & Construction, Inc., in the amount of $40,831.64.

App. pp. 17-18. The trial court granted Meredith permission to file a belated appeal.

# Analysis

[6] Meredith argues that the trial court's restitution order was an abuse of discretion. She first argues that there is insufficient evidence to support the trial court's restitution order. "A restitution order must be supported by sufficient evidence of actual loss sustained by the victim or victims of a crime." *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied*. The amount of actual loss is a factual matter that can be determined only upon the presentation of evidence, and a trial court's order of restitution is reviewed for an abuse of discretion. *Id.* We will affirm the trial court's order if it is supported by sufficient evidence. *Id.*

[7]     According to Meredith, the invoices submitted by United Dewatering regarding the well casings include materials that she did not admit to stealing. United Dewatering submitted invoices of $71,010.81 in well casings plus $12,172.00 in welding costs for a total $83,182.81. At the guilty plea hearing, Meredith admitted that the well casing pipes were valued at approximately $83,000.00. United Dewatering received $49,500.00 in insurance proceeds minus $7,148.83 in attorney fees, for a total reimbursement of $42,351.17. Meredith claims that, based on a different interpretation of the invoices, United Dewatering sustained damages of only $5,852.00. Meredith's argument is merely a request that we reweigh the evidence, which we cannot do. The trial court did not abuse its discretion when it ordered Meredith to pay $40,831.64 in restitution.

[8]     Meredith also briefly argues that the trial court made restitution a condition of probation and the amount of restitution exceeds the amount that she can or will be able to pay. When the trial court enters an order of restitution as part of a condition of probation or a suspended sentence, the court is required to inquire into the defendant's ability to pay. *Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008) (citing Ind. Code § 35-38-2-2.3). "This is so in order to prevent indigent defendants from being imprisoned because of a probation violation based on a defendant's failure to pay restitution." *Id.* When restitution is ordered as part of an executed sentence, an inquiry into the defendant's ability to pay is not required. *Id.* at 773. "In such a situation, restitution is merely a money judgment, *see* I.C. § 35-50-5-3(b), and a defendant cannot be imprisoned for non-payment." *Pearson*, 883 N.E.2d at 773.

Meredith's restitution was a term of both the executed and suspended sentence. Thus, the trial court was required to inquire into Meredith's ability to pay in the context of restitution as a condition of the suspended sentence. "Although the trial court could properly choose to hold a hearing on a defendant's ability to pay restitution, it is not required to do so, and may make a proper inquiry, depending on circumstances, by such actions as reviewing the pre-sentence report and questioning witnesses." *Laker v. State*, 869 N.E.2d 1216, 1221 (Ind. Ct. App. 2007). There was evidence presented during the sentencing hearing of Meredith's employment and earning ability, and additional evidence was presented in the presentence investigation report. The trial court recognized Meredith's limited earning ability and ordered her to pay "no less than 25% of net disposable earnings towards restitution," which is the same amount of her earnings that could be subject to garnishment. App. p. 28; *see* Ind. Code § 24-4.5-5-105. The trial court adequately inquired into Meredith's ability to pay the restitution as a condition of the suspended sentence and accounted for her limited ability to pay by ordering her to pay twenty-five percent of her net disposable earnings. The trial court did not abuse its discretion. *See, e.g., Savage v. State*, 655 N.E.2d 1223, 1225 (Ind. 1995) (affirming the imposition of $164,998.59 in restitution).

## Conclusion

The trial court properly ordered Meredith to pay restitution. We affirm.

Affirmed.

Riley, J., and Bailey, J., concur.