

FILED

Jun 20 2019, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen M. Heard
Vanderburgh County Public Defender's Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James E. Martin, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 20, 2019 <br><br> Court of Appeals Case No. 18A-CR-2726 <br><br> Appeal from the Vanderburgh Circuit Court <br><br> The Honorable Kelli E. Fink, Magistrate <br><br> Trial Court Cause No. 82C01-1711-F6-6734 |

**Darden, Senior Judge.**

# Statement of the Case

[1] James E. Martin, Jr., appeals the trial court's issuance of a restitution order in the amount of $2,000 after Martin pleaded guilty to auto theft, a Level 6 felony.[1] We affirm.

# Issue

[2] Martin raises one issue, which we restate as: whether the trial court's restitution order is supported by sufficient evidence.

# Facts and Procedural History

[3] Cheryl Fenwick owned a 1987 Jeep Comanche with a camper shell. The Jeep needed a new clutch plate and a new driver's side window, but it was otherwise functional. Fenwick discovered that the Jeep had been removed from a parking lot near her home without her permission, and she called local salvage yards in an attempt to find it. She learned that the Jeep had been sold for scrap to a particular salvage yard on August 2, 2017. Fenwick called the police.

[4] A detective with the Evansville Police Department went to the salvage yard to investigate. During his investigation, he learned that the Jeep had been partially crushed, and several parts had been removed. The detective further learned that Martin had sold the Jeep to the salvage yard for $121.60 as scrap.

---

[1] Ind. Code § 35-43-4-2.5 (2014).

As part of the sales process, Martin had signed an affidavit stating that he owned the Jeep.

[5] Martin was brought to police headquarters. During questioning, he admitted that he had: (1) arranged to have the Jeep towed to the salvage yard; (2) signed a document at the salvage yard affirming that he was the Jeep's owner; and (3) received money for the Jeep.

[6] On November 1, 2017, the State charged Martin with auto theft, a Level 6 felony, and further alleged that Martin was an habitual offender. On August 28, 2018, the parties entered into a plea agreement involving two pending cases against Martin. In the current case, Martin agreed to plead guilty to auto theft, and the State agreed to dismiss the habitual offender enhancement. The parties further agreed that if the trial court accepted the agreement, Martin would serve six months in the Indiana Department of Correction. Finally, Martin agreed and promised "to make full and complete restitution in an amount to be determined by the court." Appellant's App. Vol. II, p. 21.

[7] On September 18, 2018, the victim, via the State, filed with the trial court a claim for restitution. Fenwick asserted in her claim that she was entitled to $3,500 for the loss of the Jeep and attached to the claim copies of reports she had found online estimating the value of a 1987 Jeep Comanche.

[8] On October 2, 2018, the trial court held a sentencing hearing. The trial court sentenced Martin to serve six months, per the terms of the parties' agreement. The trial court further dismissed the habitual offender sentencing enhancement

on the State's motion. Finally, the trial court heard evidence on the State's request for restitution.

[9] After having received testimonial evidence at the hearing, on November 7, 2018, the trial court issued an order directing Martin to pay $2,000 to Fenwick. The trial court further ordered the entry of a civil judgment against Martin in favor of Fenwick in that amount. This appeal followed.

## Discussion and Decision

[10] Martin claims the trial court's restitution award is unsupported by the evidence. In the course of imposing a sentence for a felony or a misdemeanor, a trial court may order a defendant to make restitution to the victim of the crime. Ind. Code § 35-50-5-3 (2017). The trial court may consider, among other types of losses, "property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate) . . . ." *Id.* Restitution must reflect actual loss incurred by a victim. *Batarseh v. State*, 622 N.E.2d 192, 196 (Ind. Ct. App. 1993), *trans. denied*.

[11] "The principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused." *Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008). Restitution also serves to compensate the offender's victim. *Id.* "'[A]n order of restitution is as much a part of a criminal sentence as a fine or other penalty.'" *Haltom v. State*, 832 N.E.2d 969, 971 (Ind. 2005) (quoting *Miller v. State*, 502 N.E.2d 92, 95 (Ind. 1986)).

[12] An order of restitution is within the trial court's discretion and will be reversed for an abuse of discretion. *Ault v. State*, 705 N.E.2d 1078, 1082 (Ind. Ct. App. 1999). An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Davis v. State*, 772 N.E.2d 535, 540 (Ind. Ct. App. 2002), *trans. denied*. We will affirm the trial court's decision if there is any evidence supporting the decision. *Ault*, 705 N.E.2d at 1082.

[13] In this case, Fenwick testified that her husband had bought the 1987 Jeep Comanche from a friend who has since passed away. She further explained that prior to the theft, the Jeep had a camper shell. It needed a new clutch plate and a new driver's side window but was otherwise functional. She also had in her possession a title to the vehicle.

[14] Martin sold the Jeep to a salvage yard employee for scrap and was paid $121.60. A salvage yard employee testified that he "assume[d]" the Jeep was good for scrap metal only, Tr. Vol. II, p. 17, but he conceded that he did not research the car's potential value. By contrast, the State claimed the Jeep had a value of $3,500 at the time of the theft. In support of its claim, the State filed with the trial court a report from an online automobile price guide that Fenwick had found. The price guide assessed a 1987 Jeep Comanche's "Low Retail" value as $3,500. During the sentencing hearing, Fenwick also testified, and she valued the Jeep to be worth at least $2,000, which was the amount the trial court awarded.

Martin argues that Fenwick may not have actually owned the Jeep and, in any case, that the Jeep was not worth $2,000. Martin's argument is a request for us to reweigh the evidence, which we cannot do. Under the particular facts and circumstances in this case, the restitution award was within the range of the evidence presented as to the Jeep's pre-theft value. The award thus was an attempt to make Fenwick whole rather than award her a windfall. *See Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013) (affirming order of restitution; amount of restitution was supported by victim's testimony), *trans. denied*.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Najam, J., and Pyle, J., concur.