## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 10 2019, 10:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Batesville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jacob Shope,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 10, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2928<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Elizabeth A. Christ, Judge<br><br>Trial Court Cause No.<br>49G24-1705-F6-20242 |

**Baker, Judge.**

[1] Jacob Shope appeals the restitution order imposed by the trial court following his conviction for Level 6 Felony Operating While Intoxicated and Endangering a Person, arguing that the evidence was insufficient to support the restitution order and that the trial court erred by not inquiring into his ability to pay restitution. Finding the evidence sufficient and no error, we affirm.

# Facts

[2] On the evening of May 24, 2017, Lakisha Covington was driving northbound on Shadeland Avenue in Indianapolis when she approached the 30th Street intersection. As she drove through the intersection while the light was green, a man later identified as Shope rode his bicycle directly in front of her, causing a traffic accident. Covington immediately stopped her car, got out to check on Shope, and called 911. Other bystanders also gathered around the scene.

[3] Indianapolis Metropolitan Police Department Sergeant Michael Duke, a certified DUI Unit supervisor, was dispatched to the area and found Shope in the back of an ambulance. Sergeant Duke believed that Shope was intoxicated because his eyes were bloodshot, his behavior was erratic, and his breath smelled of alcohol. Shope quickly became "combative" with everyone around him and started yelling at medical personnel. Tr. Vol. II p. 32-33.

[4] With this information, Sergeant Duke decided to follow the ambulance to Eskenazi Hospital, where he continued his investigation of Shope. After Shope's medical examination, Sergeant Duke spoke with Shope about the

incident. Shope confessed that he had been drinking, so Sergeant Duke advised Shope about Indiana Implied Consent and asked the medical staff to perform a blood test. The results of that test showed that Shope's blood had an alcohol concentration of 0.249 grams per 100 milliliters.

[5] Meanwhile, following the accident, Covington returned home and noticed that there was damage to the right side of her vehicle. Covington had the vehicle fixed, and her insurance paid for the necessary repairs. However, Covington was required to pay a $500 deductible for the claim.

[6] On May 31, 2017, the State charged Shope with one count of Level 6 felony operating while intoxicated and endangering a person and one count of Level 6 felony operating a vehicle with an ACE of 0.08 or more. Shope's initial February 6, 2018, trial resulted in a hung jury. Following Shope's subsequent September 18, 2018, jury trial, he was found guilty as charged. At his October 25, 2018, sentencing hearing, the following discourse regarding restitution took place:

> The Court: . . . State, do you have evidence you wish to present?
>
> [The State]: Yes Judge. It would just be restitution information but that would be the only evidence we would present.
>
> The Court: Have you had an opportunity to review the restitution information?
>
> [Counsel for Shope]: I have Judge.
>
> ***

> Just to be clear, as the court's reviewing it, there are two amounts; there's the amount that was covered by insurance and there's the amount that is being requested by the victim and that's the amount of her deductible, which was 500. That would be what we would be requesting is $500 for the victim and I believe that's listed on page 4.
>
> The Court: And it's check number—it's identified as—not marked as page 4, but it's the 4th page in the confidential packet, State's Exhibit 1 and it has the blocked numbers—or the blocked letters, check # with the 526955 in the amount of $500.[1]

*Id.* at 80-81. Shope did not object to the trial court's imposition of restitution or to the amount he would ultimately pay. In fact, Shope's counsel stated that "we have no objection to $500 of restitution, if he is not on probation. Now, we think that if he is on probation that triggers a different restitution statute that requires the court to consider his ability to pay restitution[.]" *Id.* at 88. The trial court ordered that Shope pay restitution in the amount of $500 to cover Covington's deductible.

[7] The trial court then merged the two convictions into one conviction for Level 6 felony operating while intoxicated and endangering a person. Finally, the trial court sentenced Shope to 365 days, with 352 days suspended to probation. Additionally, the trial court ordered that Shope attend an Advocates Against Impaired Driving (AAID) Destructive Decision Panel and that if Shope quickly

---

[1] The trial court never admitted "Exhibit 1" into evidence.

paid the restitution and completed the AAID Panel, Shope's probation would terminate early. Shope now appeals.

# Discussion and Decision

# I. Sufficiency of Evidence

[8] First, Shope argues that the evidence was insufficient to support the trial court's $500 restitution order. Specifically, Shope contends that the State failed to present sufficient evidence to show that Covington sustained any actual loss.

[9] "A restitution order must be supported by sufficient evidence of actual loss sustained by the victim or victims of a crime." *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008). "Evidence supporting a restitution order is sufficient 'if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *S.G. v. State*, 956 N.E.2d 668, 683 (Ind. Ct. App. 2011) (quoting *T.C. v. State*, 839 N.E.2d 1222, 1227 (Ind. Ct. App. 2005)).

[10] Indiana Code section 35-50-5-3(a)(1) specifies that a "[trial] court shall base its restitution order upon a consideration of: property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)[.]" Here, Shope argues that the evidence was generic because it only vaguely discussed Covington's property damages and the $500 deductible for which she was trying to get reimbursed. He also notes that it was never admitted into evidence.

[11]    Immediately after the State and the trial court confirmed the $500 amount, Shope agreed that this was the proper restitution amount and did not object to the $500 he knew he would have to pay. *See generally Morris v. State*, 2 N.E.3d 7, 9 (Ind. Ct. App. 2013) (holding that failure to object to being asked to pay restitution for expenses or to the "trial court's consideration of the documents submitted before the sentencing hearing[]" constitutes waiver of a challenge to the award on appeal). Additionally, the State presented evidence in the form of a check detailing costs incurred by Covington as a result of the traffic accident.

[12]    Therefore, in reviewing the sufficiency of the evidence to look for "any evidence supporting the trial court's decision," *Gleason v. Bush*, 689 N.E.2d 480, 484 (Ind. Ct. App. 1997), we find that the check and the ensuing discussion during sentencing constituted sufficient evidence to support the restitution order. [2]

# II. Inquiry

[13]    Finally, Shope argues that the trial court erred when it did not inquire into his ability to pay the restitution amount. Specifically, Shope argues that the trial court ordered payment of restitution as a condition of his probation and was

---

[2] Shope directs our attention to two cases in which this Court held that the evidence was insufficient to support the restitution order. *J.H. v. State*, 950 N.E.2d 731 (Ind. Ct. App. 2011) (only evidence was conjecture on scraps of paper); *Cooper v. State*, 831 N.E.2d 1247 (Ind. Ct. App. 2005) (only evidence was an unsigned restitution claim form). Here, in contrast, the evidence was discussed at length and agreed upon by all parties, pointed to a concrete amount of actual losses ($500), and was documented during the sentencing hearing. Therefore, *J.H.* and *Cooper* are inapposite.

therefore required to either hold a hearing or inquire into whether Shope could afford to pay the restitution amount.

[14] If restitution is a condition of probation, then the trial court is required to hold a hearing or, at the very least, inquire into Shope's financial status. *Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008). If restitution is not a condition of probation, then the trial court is under no obligation to inquire into Shope's financial status to determine if he could pay restitution. *Id.*

[15] Here, regardless of whether payment of restitution was a condition of Shope's probation, the trial court conducted the necessary inquiry into Shope's financial status. Towards the end of the sentencing hearing, the trial court asked Shope a series of questions about his residency, child support payments, current lack of income, and prospects for attaining another job in the near future. Tr. Vol. II p. 93-96. Though not a formal hearing, this dialogue between the trial court and Shope constituted the inquiry necessary to ensure that Shope had the financial ability to pay the $500 in restitution.

[16] Therefore, any argument that the trial court did not conduct an inquiry into Shope's financial status is unconvincing.

[17] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.