FILED

Jan 29 2024, 8:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Amanda O. Blackketter
Blackketter Law, LLC
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mamoon Anwarzai,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 29, 2024

Court of Appeals Case No.
23A-CR-1634

Appeal from the Shelby Circuit
Court

The Honorable Trent E. Meltzer,
Judge

Trial Court Cause No.
73C01-2112-F4-26

**Opinion by Judge Mathias**
Judges Tavitas and Weissmann concur.

**Mathias, Judge.**

[1] Mamoon Anwarzai appeals the Shelby Circuit Court's order that he pay $37,000 in restitution following his guilty plea to Level 4 felony burglary. Anwarzai raises two issues for our review, which we restate as the following three issues:

> 1. Whether the State presented sufficient evidence to support the amount of restitution.

> 2. Whether the trial court's assessment that Anwarzai has the ability to pay the restitution amount is supported by the evidence.

> 3. Whether the trial court erred when it did not fix the manner of payment Anwarzai is to make to satisfy the restitution order.

[2] We affirm and remand with instructions.

## Facts and Procedural History

[3] On September 4, 2021, Anwarzai broke into the home of Toby and Tyler Delgadillo in Shelby County, accessed a safe there, and stole cash out of the safe. The State charged Anwarzai with several offenses, and, in June 2023, Anwarzai pleaded guilty to Level 4 felony burglary. The State dismissed the other charges in exchange for Anwarzai's plea. Anwarzai's written plea agreement provided that Anwarzai would, as a condition of his probation, pay restitution to the Delgadillos in an amount to be determined at sentencing.

[4] The trial court accepted Anwarzai's guilty plea and heard evidence on the amount for restitution. In particular, Tyler and Toby both testified that Anwarzai stole $37,000 in cash out of the safe. Tr. pp. 27-28, 37. The court also

received the pre-sentence investigation report ("PSI") without objection. The PSI showed that Anwarzai had a stable employment history and currently earned $18.75 per hour working as a supervisor at an Indianapolis Lowe's, for which he worked "40 plus" hours per week. Appellant's App. Vol. 2, p. 35.

Based on that evidence, the trial court ordered Anwarzai to pay restitution to Toby Delgadillo in the amount of $37,000. However, the trial court's restitution order did not provide any instructions on how Anwarzai was to pay the restitution in a manner consistent with Anwarzai's means. *See id.* at 52. This appeal ensued.

## Standard of Review

Anwarzai appeals the trial court's restitution order. An order of restitution is a matter within the trial court's sound discretion and will be reversed only upon a showing of an abuse of that discretion. *Archer v. State*, 81 N.E.3d 212, 215 (Ind. 2017). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *E.g.*, *Owen v. State*, 210 N.E.3d 256, 269 (Ind. 2023).

### 1. The State presented sufficient evidence to support the amount of restitution.

Anwarzai first argues that the State failed to present sufficient evidence to support the award of $37,000 in restitution. Tyler and Toby both testified that Anwarzai stole $37,000 in cash out of the safe inside their home. Tr. pp. 27-28,

37. Their testimony is sufficient to support the restitution amount. *See, e.g.*, *Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013) (holding that the victim's testimony as to his losses was sufficient evidence to support the amount of restitution), *trans. denied*. Anwarzai's arguments to the contrary on this issue are merely requests for this Court to reweigh the evidence, which we will not do.

## 2. The trial court's assessment that Anwarzai has the ability to pay the restitution amount is within the evidence.

[8] Anwarzai next asserts that the trial court failed to inquire into his ability to pay the restitution amount. When, as here, restitution is ordered as a condition of probation, the trial court must inquire into the defendant's ability to pay the restitution. *Pearson v. State*, 883 N.E.2d 770, 773 (Ind. 2008). Although the trial court did not explicitly ask Anwarzai about his ability to pay, and did not explicitly find that Anwarzai has the ability to pay the restitution amount, Anwarzai does not allege error in either of those respects. Rather, his argument here is that the evidence does not support the trial court's implicit finding of his ability to pay.

[9] We do not agree. Our Supreme Court has held that, where "presentence materials provided the trial judge with, *inter alia*, [the defendant's] family history, marital history, educational background, work history, health status, employment status, and financial information," the trial court has the information it needs to determine the defendant's ability to pay. *Savage v. State*, 650 N.E.2d 1156, 1164 (Ind. Ct. App.) (Sullivan, J., dissenting), *adopted*, 655

N.E.2d 1223, 1224 (Ind. 1995). Here, the PSI provided that information to the trial court, and that information included Anwarzai's employment history and earning ability. And that evidence showed that Anwarzai had a stable employment history and currently made $18.75 per hour as a supervisor at Lowe's, where he worked forty-plus hours per week. That evidence is sufficient to support at least some ability to pay the restitution amount, and therefore the trial court's conclusion that Anwarzai has the ability to pay the restitution is within the evidence before the court.

### 3. The trial court erred when it did not fix a periodic payment amount toward the restitution amount that Anwarzai can or will be able to afford.

[10] Last, Anwarzai contends, and the State concedes, that the trial court's restitution order fails to fix a periodic payment amount for him to pay off the restitution based on what Anwarzai can or will be able to afford. *See Pearson, 883 N.E.2d at 773-74*; *Savage, 655 N.E.2d at 1225*. We also agree, and we remand to the trial court with instructions for it to determine a periodic payment amount that Anwarzai can make toward the restitution, which amount shall be consistent with an amount that he can or will be able to afford.

[11] In doing so, we emphasize that the prorated periodic payment amount must be based on the amount Anwarzai can or will be able to afford and need not be based on the term of Anwarzai's probationary period. *See Pearson, 883 N.E.2d at 773* ("the expiration of a probationary period does not terminate an obligation to make restitution to a crime victim"). Indeed, Indiana Code section

35-50-5-3(a) (2023) provides that restitution may be ordered as a condition of probation, as was done here. And section 35-50-5-3(b) makes clear that, when restitution is made a condition of probation, it "is a judgment lien" that may be enforced "in the same manner as a judgment lien created in a civil proceeding," which includes allowing the defendant's victim to enforce the restitution order in proceedings supplemental.

## Conclusion

For all of these reasons, we affirm the trial court's restitution order but remand with instructions for the court to fix a periodic payment amount based on what Anwarzai can or will be able to afford.

Affirmed and remanded with instructions.

Tavitas, J., and Weissmann, J., concur.